ORIGINAL

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

05 - 440

| United States District Court | District of the State of Delaware |
|---|---|

| Name (under which you were convicted): JAMES G. BROWN AKA EDWARD X. Williams | Docket or Case No.: ID NO. 9705011656 |
|---|---|

| Place of Confinement: Delaware Correctional Center 1181 PADDOCK ROAD SMYRNA, DELAWARE 19977 | Prisoner No.: SBI# 00350587 |
|---|---|

| Petitioner (include the name under which you were convicted) JAMES G. BROWN AKA EDWARD X. Williams | Respondent (authorized person having custody of petitioner) v. WARDEN, Thomas L. Carroll, |
|---|---|
| The Attorney General of the State of Delaware JANE BRADY | |

F I L E D

JUN 27 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ____

   Superior Court of the State of Delaware for New Castle County.

   (b) Criminal docket or case number (if you know): ____ ID NO. 9705011656

2. (a) Date of the judgment of conviction (if you know): ____ 04/02/98

   (b) Date of sentencing: ____ 05/03/98

3. Length of sentence: ____ 20 years, and 6 months T.I.S.

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Assault 1st degree, Assault 2ND degree, Two counts of PFDCF, TRF. COC, 5-50 GRAMS, P.W.I.T.D, Control Substance II, and Resisting Arrest.

   _____

   _____

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☑        (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐            (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plea not guilty to all charges.

   _____

   _____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑    Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑  No ❑

8. Did you appeal from the judgment of conviction?

Yes ☑  No ❑

9. If you did appeal, answer the following:

(a) Name of court: SUPREME COURT OF THE STATE OF DELAWARE

(b) Docket or case number (if you know): BROWN V. STATE OF DELAWARE # 242, 1998

(c) Result: ORDERED AFFIRMED

(d) Date of result (if you know): 03/15/99

(e) Citation to the case (if you know): 734 A.2d 157, 1999 WL 504345 (Del. Supr.),

(f) Grounds raised: Taking the evidence in the light most favorable to the state, no rational trier of fact could have found appellant guilty beyond a reasonable doubt of assault in the first and second degrees. 2. Upon reversal of the convictions for assault first and second degree, the Court must also reverse the convictions for Possession of a fire arm during the commission of a felony. " (Ground # 3 continued on additional Page for question # 9 (f) see attached) pg # 3.

(g) Did you seek further review by a higher state court?   Yes ☑  No ❑

If yes, answer the following:

(1) Name of court: U.S. District Court for the District of the State of Delaware,

(2) Docket or case number (if you know): # 99-CV-730 "BROWN v. SNYDER" et. al."

(3) Result: Denied Writ of Habeas Corpus, DENIED Evidentiary Hearing, DENIED Certificate of Appealibility. "(continued on additional page attached)"

(4) Date of result (if you know): 03/09/01

(5) Citation to the case (if you know): 2001 WL 34363847 (D. Del.) "BROWN v. SNYDER"

(6) Grounds raised: Taking evidence in the light most favorable to the state, no rational trier of fact could have found appellant guilty beyond a reasonable doubt of assault in the first and second degrees." (see continuance of ground # 2 and # 3 on additional page attached, thankyou)"

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑  No ❑

If yes, answer the following:

(1) Docket or case number (if you know): "BROWN v. Warden, Carroll, NO. 04-7997"

"ADDITIONAL PAGE#3"
"(Ground #3 of Question #9 (f) of page #3 of Petition 28§2254)".

3). Juror number one's actions denied appellant his sixth ad-
mendment right to a fair trial and an impartial jury
and his fourteenth admendment to due process. ("BROWN
V. State of Del. Supr. Ct. #242, 1998") Court appointed Counsel
raised those three grounds. But refused to raise Brady
rule violations that accused "BROWN" raised before -
jury trial begin in Super. Ct., State of Del. v. BROWN-
ID. NO. 9705011656 date 4/1/98 transcript of trial/record
pages 2:1:23 and page 3:1:15. The trial proceeded
with out any discovery ever given to the accused "BROWN".
Counsel refused to raise Brady as BROWN requested on direct
appeal.

"Question #9 (g) of page #3 of Petition 28§2254".
Ct. Appt'd. Counsel told me to file 1st Pet. 28§2254 against
the Affirm Order BROWN v. State of Del. #242, 1998 stating
his three ground raised on direct appeal are supported
by federal case law.

"Continuance of #6 grounds raised of pg. 3 of Pet. 28§2254"
#2 and 3 of "BROWN v. SNYDER 99-cv 730" U.S. Distr. Ct. of Del.
#2). Upon reversal of the Convictions for assault first and
second degree, the Court must also reverse the con-
-victions of Possession of a firearm during a commission
a felony. And #3). Juror number one's actions denied appellant
his Sixth admendment right to a fair trial and impartial
jury and his fourteenth admendment right to due Process.
"Denied with No Prophylactic Warning under "AEDPA" ever given".

Page 4

(2) Result: DENIED on March 7, 2005, Petition for Rehearing was DENIED on May 31, 2005

(3) Date of result (if you know): 03/07/05 and 05/31/05

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Super. Court of the State of Delaware, New Castle Co.,

(2) Docket or case number (if you know): "BROWN v. State of Del. IDNo. 9705011656"

(3) Date of filing (if you know): 05/13/01, 10/22/02 and 12/19/01

(4) Nature of the proceeding: "POST CONVICTION RELIEF Super. Ct. Crim. Rule. 61."

(5) Grounds raised: #1. Counsel + Prosecutor Suppressed the D.A.G. Discovery Obstructing defendant's defense. #2: Denied a right to Confront a Accuser, Witness Arresting Officer Micheal J. Duckett. #3: Prose- -Cutor lead three State Witness to Perjury against facts and Prior Statements. #4: SUPPRESSION of Favorable Evidence, Prosecutorial Misconduct. #5: Illegal Search and Seizure, Defendant Fourth Admendment right Violated. #6: Ineffective Assistance of Counsel For refusing to file Pretrial Motions in Defense of Defendant "BROWN".
※ ("Grounds raised Continued on Additional Page Attached Ques.#11(a)#5.")

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☑

(7) Result: DENIED on 7/30/02 late notified on 1/13/03, after asking about it.

(8) Date of result (if you know): July 30, 2002 decided, mailed to me on Jan. 13, 2003.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPREME COURT OF THE STATE OF DELAWARE

(2) Docket or case number (if you know): "BROWN V. STATE OF DEL. Nos. 31, 57. 2003"

(3) Date of filing (if you know): January 23, 2003 (#31, 2003) and Feb. 5th 2003 (#57, 2003)"

(4) Nature of the proceeding: "Super. Ct. of the St. of Del. POST CONVICTION Relief Appeal!"

(5) Grounds raised: #1: Counsel + Prosecutor Suppressed the D.A.G. Discovery Obstructing defendant's defense. #2: Denied a right to Confront a Accuser, Witness Arresting Officer Micheal J. Duckett. #3: Prosecutor lead three State Witness to Perjury against facts and prior Statements. #4: SUPPRESSION OF FAVORABLE EVIDENCE, PROSECUTORIAL Misconduct. #5: Illegal Search and Seizure, Defendant forth Admendment right Violated. #6: Inefft. Asst. of Coun., for refusing to file Pre-trial Motions in defense of deft... #7: Inefft. Asst. of Coun. for inferring that defendant is guilty to Jury. #8: Inefft. Asst. of Coun. for not invoking Sequestration Order

ADDITIONAL PAGE #4

Continued. Grounds raised #11 (a) #5 of page 4 of Pet. 28§2254 :
#7. Inefft, Asst. of Counsel for inferring that deft, is guilty
to jury. #8. Inefft. Asst. of Coun. for not invoking Seques-
tration Order deft., requested. #9 Deft., forced to trial
in Prison GARB, Prosecutor had defendant brought in front of
of fifty one member Jury Panel before trial and Voir Dire be-
gin to Pick a jury from said Panel, Prejudice deft., as a
Convicted prisoner before the Honor arrived. #10. Inefft,
Assistance of Counsel for not filing motion in "LIMINE" to exclude
illegal references to the gun and Cocaine with no "legal
nexus" to the alleged offenses in the Indictment.
#11. Ineffective Assistance of Counsel for failing
to Subpoena the Arresting Officer Micheal J. DUCKett
listed in Count Eight of the Indictment, Resisting-
Arrest, denied a right to confront Accuser. Court
appointed Counsel also failed to Subpoena "Kevin Britt"
on his behalf   #12. Trial Court failure to give Jury in-
struction on law of accident when evidence warranted
such instruction. (provision "11 Del. C§§ 302 (b) 531,
613, 636 F.R.E. rule 103 (d), 28 U.S.C.A").   Court's
response claim this #12 ground was not raised
in P.C.R. rule 61 Motion which it was raised in
the Post conviction relief Motion Rule 61 Case
Law Memorandum both sides of page #35
"BROWN v. State of Del. I.D. NO. #9705011656"
"the motion For P.C.R was denied on 7/30/02 and mailed
to "BROWN" on January 13, 2003 seven months late."