deft., requested. #9: Deft., forced to trial in Prison GARB, Prosecutor had deft., brought in front of fifty Member Jury Panel before trial and voir dire begin to pick a jury from said Panel prejudice deft., as a Convicted Prisoner before the Honor arrived. #10: Inefft. Asst. of Counsel for not filing motion in "LIMINE" to exclude illegal references to the gun and Cocaine with no "legal nexus" to alleged offenses (continued on Additional page)*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☑

(7) Result: Brady was Procedurally Barred, defaulted on P.C.R.61 Appeal

(8) Date of result (if you know): "Ordered AFFirmed on June 24, 2003"

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: United States Court of Appeals For The Third Circuit

(2) Docket or case number (if you know): "BROWN, 3rd Cir., No. 04-1160"

(3) Date of filing (if you know): Jan 21, 2004 / with Memorandum LAR.22(b) and see #(4) below:

(4) Nature of the proceeding: "Motion 28§2244 request to file 2nd or Successive Pet. 28§2254."

(5) Grounds raised: "Prosecutorial Misconduct in a state Criminal proceeding will be grounds for a Writ of Habeas Corpus unless the Prosecution Can show that error was harmless beyond a reasonable doubt." And all grounds raised on, in the P.C.R. rule 61 Appeal a result of Brady rule Violations deliberate Suppression of all Discovery by trial Prosecutor and Prosecutor Knowingly use of Perjured testimony to obtain a Conviction of "BROWN" shows "BROWN" is in Custody in Violation of the U.S. Constitution, a grant to file a Second or successive Writ of Habeas Corpus to challenge the AFFirm Order 6/24/04 of BROWN vs. State of Del. Nos. 31,57, 2003 PCR Appeal (see Additional page for all grounds raised):

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☑

(7) Result: Denied on 4/08/04, Petition EnBanc was DENIED without a vote: 10/04/04

(8) Date of result (if you know): 04/08/04    and    10/04/04

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑    No ☐
(2) Second petition:    Yes ☑    No ☐
(3) Third petition:    Yes ☑    No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

On the first Petition 28§2254 I was DENIED, And DENIED Evidentiary hearing and DENIED A Certificate of Appealibility and no Prophylactic Warning was given to petitioner "BROWN" under "AEDPA" see BROWN v SNYDER --- Cv. Act. 99-730 DENIED on 03/09/01 I did not Know I could appeal all three DENIED orders of petition 28§2254, DENIED Evidentiary Hearing and a Certificate of Appealibility will be DENIED, so I went forward on Rule 61.

"ADDITIONAL PAGE #5 top of page"

"Continueance of page #4 #5 Grounds raised continued on page #5" in the Indictment. #11. Ineffective Assistance of Counsel for failing to Subpoena the Arresting Officer Micheal J. DUCKETT listed in Count Eight of the Indictment. Resisting Arrest, denied a right to Confront Accuser. Court Appointed Counsel failed to Subpoena a defense Witness "Kevin Britt" on his behalf. And #12. trial Court failure to give jury instruction on law of accident when evidence warranted such instruction, resulted in plain error. provisions: 11 Del.C. §§ 302(b) 531, 613, 636 F.R.E. rule 103(d), 28 U.S.C.A. Court's (Super. and Supr. of the State of Del.) DAG reply states #12 ground was not raised in rule 61 Post-conviction relief motion by both Courts failure to review "BROWN'S" rule 61 case law memorandum both sides of page 35 with it's evidence of Accident.

"Continueance of Grounds raised of page #5 Question #5: Same grounds raised on rule 61 and rule 61 case law memorandum Post Conviction Relief especially Prosecutorial Misconduct in a State Criminal proceeding will be grounds for a Writ of Habeas Corpus unless Prosecution can show that error was harmless beyond a reasonable doubt. See same Grounds of PCR raised in 20 page Memorandum LAR. 22.5(b) of "BROWN CA. 3 Cir. No. 04-1160"

"Continued for page #5 Grounds raised, Ques. #5"
GROUNDS RAISED IN MEMORANDUM LAR 22.5 (b) Petition For leave to File a Second or Successive Petition 28§2254 by way of 28§2244:

Ground 1: Whether Super. Ct. and Supr. Ct. of the State of Del., committed an error in formulating and applying the law when both Courts Procedurally barred, defaulted Brady Claim and other grounds raised in P.C.R. Rule 61 Motion.

Ground 2: Whether Super. Ct. and Supr. Ct. Del. committed an error in formulating and applying the law when both Courts Denied P.C.R. Rule 61 on "issue" Trial Court was in error for failing to instruct Jury on the law of accident when evidence Warranted it. Both Courts refused to review issue and evidence on both sides of page # 35 of "BROWN" P.C.R. Rule 61 Case Law Memorandum. See "BROWN v. State of Del. ID. NO. 9705011656" and pages #18, #19 and #20 of "BROWN C.A. 3. Cir. NO. 04-1160 — Memorandum LAR. 22.5. (b)

"(See Additional page above are the grounds raised in Answer to page 5 (C)(1)(2)(3)(4)(5))"
"Was Lost in U.S. Mail on date: 1/16/04"
This Petition Application to file a Second or Successive habeas Corpus was lost in the U.S. mail So "BROWN" had to recopy all transcript of trial record and motion 28§2254 & 28§2244 Briefs Appendix and all DENIED Orders to remail to U.S.C.A. 3.Cir. "BROWN NO 04-1160" And Memorandum LAR 22.5.(b) was all Denied on 4/8/04 Pet. EnBanc was Denied on 10/4/04 Certiorari was than filed. Found torn up legal Mail in U.S. Post Office on 1/21/04.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION:</u> To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: <u>Counsel + Prosecutor Suppressed the DAG DISCOVERY OBSTRUCTING DEFENDANT'S Defense.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant inform Court of Suppression. Counsel denies it and admits it (A-1) trial record 4/1/98 page 2:1:23 and (A-2) tri. rec. 4/1/98 pg. 3:1:15. Counsel false claims that Prosecutor didn't supply him with Jencks is shown when Counsel gives Jencks to Prosecutor (A-3) tri. rec. 4/1/98 pg. 87:12:19. Deputy Attorney General mailed Discovery to Counsel of Record see Prothonotary file + docket sheet (A-4) pg. 1 lines 2+3. Counsel claims he never had Jencks but mailed all Discovery to me on 6/24/99. Relief dismiss all Charges or New trial and evidentiary hearing.

(b) If you did not exhaust your state remedies on Ground One, explain why: I raised Brady on the first day of Jury trial see trial record 4/1/98 pg. 2:1:23 and pg. 3:1:15 before trial begin. Ct. Apptd. Coun. refused to raise it on Direct Appeal forced deft. to raise it on PCR. rule 61 + 2nd or Successive 28§2254 Pet, and Writ of Certiorari.

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Court Appointed Counsel refused to raise Dead Bang Winner Brady Claim on direct and told me to raise whatever I want to on Motion For Post Conviction Relief rule 61.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Super. Ct. Crim. Rule 61 POST CONVICTION Relief and CASE LAW MEMORANDUM.
Name and location of the court where the motion or petition was filed: Superior Court of the State of Del. and in for New Castle Co., Wilmington, Delaware