Page 7

Docket or case number (if you know): "BROWN v. State of Del. ID NO. 9705011656"

Date of the court's decision: 7/30/02 was'nt notified until January 13, 2003

Result (attach a copy of the court's opinion or order, if available): DENIED, Brady rule violation was procedurally Barred, defaulted on P.C.R rule 61 deliberate Suppression of all Discovery + Perjurious testimony result of conviction.

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of the State of Delaware, Dover, Delaware

Docket or case number (if you know): "BROWN v. State of Del. Nos. 31, 57 2003 (Consolidated)

Date of the court's decision: June 24, 2004

Result (attach a copy of the court's opinion or order, if available): Ordered AFFirmed procedurally Barring Defaulting Brady rule Violation deliberate Suppression of all Discovery + Perjurious testimony used by D.A. to convict "BROWN"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I filed a motion 28 § 2244 + Pet. 28 § 2254 with a 20 page Memorandum L.A.R. 22.5(b) in U.S.C.A. 3 Cir. request a grant to file a 2nd or Successive habeas Corpus against the 6/24/04 AFFIRM ORDER "BROWN C.A. NO. 04-1160 (3 Cir.) DENIED. And writ Certiorari DENIED on May 31, 05.

GROUND TWO: DENIED a right to Confront a Accuser, Witness Arresting Officer Micheal J. DUCKETT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Officer DUCKETT arrested me, See Indictment (A-5), (A-6) tri. rec. 4/1/98 pg. 130:13:23 + (A-7) pg. 131:1:2. He was not at trial, (A-8) tri. rec. 4/1/98 pg. 88:17:23. Officer DUCKETT report say 911 radio said look for Suspect, Black male wearing a gray jacket (A-9) tri. rec. 4/1/98 pg. 89:19:22. See Deft's arrest polaroid pictures shows defendant never fit Suspect description and shows illegal Search and Seizure took place. (A-10) tri. rec. 4/1/98 pg. 126:10:13. Officer DUCKETT Searched me and filed reports not Officer Harold Bozeman.

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____
_____

(c) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐   No ☑

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Court Apptd. Counsel refused to mail me the transcript of trial record and did not raise Brady on direct appeal which gave birth to this issue and Coun. mailed all Suppressed Discovery on 6/21/99.

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   Yes ☑   No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Super. Ct. Crim. Rule 61 Post Conviction Relief
   Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware in and for New Castle Co. Wilm. Delaware
   Docket or case number (if you know): "BROWN v. State of Del. ID NO. 9705011656"
   Date of the court's decision: 7/30/02 didn't notify me until January 13, 2003
   Result (attach a copy of the court's opinion or order, if available): DENIED Brady and all the grounds that result from the deliberate Suppression of all Discovery without the Discovery I did not know who to Confront or what I was accused of.

   (3) Did you receive a hearing on your motion or petition?
   Yes ☐   No ☑

   (4) Did you appeal from the denial of your motion or petition?
   Yes ☑   No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☑   No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: SUPREME COURT OF THE State of Delaware, Dover, Delaware.

Page 9

Docket or case number (if you know): "BROWN v. State of Del. NOS. 31, 57, 2003 (Consolidated)"

Date of the court's decision: June 24, 2003

Result (attach a copy of the court's opinion or order, if available): Ordered Affirmed procedurally barring Brady and defaulting all grounds resulting from the deliberate Suppression of all Discovery + perjury used to Convict the Accused.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: I filed a 2nd or Successive habeas Corpus application in U.S. C.A. 3 Cir. With 20pg. Memorandum - BROWN C.A.NO. 04-1160 was Denied than I filed Writ of Certiorari BROWN vs. Carroll No. 04-7997 all to challenge the 6/24/03 Affirmed ORDER of BROWN vs. State of Del. NOS. 31, 57, 2003 (Consolidated) P.C.R. rule 61 Appeal."

GROUND THREE: Prosecutor lead three State Witness to Perjury against facts and Prior Statements.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Officer Bozeman Perjury (compare it to Officer Duckett reports (A-12) tri. rec. 4/1/98 pg. 101: 5:11 + (A-13) tri. rec. 4/1/98 pg. 102: 1:4 vs. (A-14) Physical Evidence Detective Donovan Case Summary Pg. 2 "Officer Bozeman filed no reports." Det. Donovan Perjured himself saying defendant had on a gray jacket," when he took polaroid Picture of defendant on arrest date see arrest Picture. - (Continued on Additional page #9(a)...)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Counsel and Prosecutor Suppressed all Discovery including Jencks and I raised the Brady violation issue before Jury trial begin and requested for Brady to be raised on direct-Appeal and requested transcript of trial record and I requested all the Suppressed Discovery Court Appointed Counsel refused all my request. And mailed all the Suppressed Discovery and Jencks he claimed he never had, he mailed to me on 6/21/99 after appeal was Affirm.

"Continueance of Ground 3 of page 9 (a) Answer to Ground 3!"

and (A-15) tri.rec. 4/1/98 pg.136:1:8, and (A-10) tri.rec. 4/1/98 - pg.126:10:13. "Jeffrey Adams Perjured himself in his testimony (A-16) tri.rec. 4/1/98 pg.66:4:11, Compare it to his statement (A-11) on 5/17/97 deft's arrest date taken by Det. R. Donovan Question #5 and Answer #5 on pg.2: he states he did not see anyone get shot." But Prosecutor lead three - State witnesses for the State against truth of reports, statements and pictures.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: "Super. Ct. Crim. Rule 61 Post Conviction Relief Motion."

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware in and for New Castle County Wilm. Delaware

Docket or case number (if you know): "BROWN v. STATE OF DEL. ID.NO. 9705011656"

Date of the court's decision: 7/30/02 mailed to "BROWN" on 1/13/03

Result (attach a copy of the court's opinion or order, if available): Already Attached: After page 7.

(3) Did you receive a hearing on your motion or petition?   Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?   Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF THE STATE OF DELAWARE  DOVER, DELAWARE.

Docket or case number (if you know): "BROWN v. STATE OF DEL. Nos. 31, 57, 2003"

Date of the court's decision: June 24, 2003

Result (attach a copy of the court's opinion or order, if available): Already Attached: After page 7.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: I filed application in U.S. C.A. 3 Cir. for authority to file a 2nd or Successive habeas Corpus against the 6/24/03 Affirm Order of "BROWN v. STATE OF DEL. Nos. 31, 57, 2003" was DENIED on 4/8/04 and Pet. Enbanc on 10/04/04 in "BROWN CA3 Cir. 04-1160", there after a Writ of Certiorari was filed in Supr. Ct. of U.S. "BROWN VS. WARDEN CARROLL NO. 04-7997" was DENIED on 3/7/04 and rehearing on 5/31/04, this habeas is filed against the Prosecutorial Misconduct of "BROWN" Case.

Page 11

GROUND FOUR: <u>SUPPRESSION OF FAVORABLE EVIDENCE, PROSECUTORIAL MISCONDUCT. (See Additional page for Ground 4 Supporting Facts)</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>Defendant's arrest picture was entered into evidence for trier of facts to see that defendant was not the Suspect, the Prosecutor stole it out of evidence Suppressed defendant's defense. See A-18, tri.rec. 4/1/98 pg. 19:10:23 and A-19, tri.rec. 4/1/98 pg.125:1:23). To avoid repetitious of Grounds raised on Rule 61 see. All grounds raised in P.C.R are Same raised on P.C.R Appeal and on 2nd or Successive habeas Corpus and in Writ of Certiorari 1 to 12 grounds.</u>

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: "<u>Ct. Apptd. Coun. refused to raise Brady + refused to mail me Copy of Trial record + Discovery until June 21, 1999</u>"

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>SUPER. CT. CRIM. RULE 61 POST CONVICTION RELIEF</u>

Name and location of the court where the motion or petition was filed: <u>Superior COURT of the STATE OF DELAWARE in and For New Castle Co. Wilm. Del.</u>

Docket or case number (if you know): "<u>BROWN v. STATE OF DEL. ID.NO. 9705011656</u>"

Date of the court's decision: <u>7/30/02 didn't notify "BROWN" until January 13, 2003</u>

Result (attach a copy of the court's opinion or order, if available): <u>already attached after page 7.</u>

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐