Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* It does not bar Petition 28 U.S.C. §2254 because 28 U.S.C. §2244 (d)(D)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to Pertinent Judgment or Claim is Pending shall not be Counted toward any period of limitation under this subsection. Also "When Prosecution fails to disclose material exculpatory evidence in Violation of the Brady rule, Post-Conviction Relief cannot be Procedurally Barred, as a Brady Violation **undermines the fairness of** the proceeding leading to judgment of conviction." Super. Ct. Crim. Rule 61 PCR." The fact that "BROWN" raised Brady before trial begin on 4/1/98 T. Trial Record of State of Del. vs. JAMES BROWN ID No. 9705011656 pages 2, and 3:1:15 (attached) and Court Appointed Counsel refused to raise Brady on Direct Appeal and refused to mail "BROWN" transcript of trial record and all the Suppressed Discovery and Jencks he claim he was not supplied with Jencks he mailed the Suppressed Discovery and Jencks and transcript of trial record on June 21, 1999. After a year when direct Appeal was Affirmed of BROWN VS. State of Del. #242,1998 on 3/15/99 the deliberate Suppression of all Discovery and perjured testimony is Prosecutorial Misconduct will be grounds for a Writ of Habeas Corpus unless Prosecution Can Show that error is harmless beyond a reason. doubt. 28§2244-2(B)(1)(11).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: **release from present Custody for "BROWN" has Appealed to all courts, for "9" years his Conviction was obtain by D.A. Suppression of Discovery + Perjurious testimony.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **June 13th, 2005** (month, date, year).

Executed (signed) on **06/13/05** (date).

*James H. Brown SBI#350587,*
*a/k/a Edward X. Williams*
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

*James H. Brown A/K/A Edward Williams, SBI #350587*

[Insert appropriate court]

UNITED STATES DISTRICT COURT FOR THE STATE OF DELAWARE

CERTIFICATE
(Incarcerated applicants only)
*(To be completed by the institution of incarceration)*

I certify that the applicant named herein has the sum of $ (-7.73) on account his/her credit at (name of institution) Delaware Correctional Center.

I further certify that the applicant has the following securities to his/her credit: N/A

I further certify that during the past six months the applicant's average monthly balance was $ (-330) and the average monthly deposits were $ -0-

11/20/03
Date

*Stacy Shane*
Signature of Authorized Officer

*(NOTE THE REQUIREMENT IN ITEM 1 FOR THE INMATE TO OBTAIN AND ATTACH LEDGER SHEETS OF ACCOUNT TRANSACTIONS OVER THE PAST SIX MONTH PERIOD. LEDGER SHEETS ARE NOT REQUIRED FOR CASES FILED PURSUANT TO 28:USC §2254)*

CERTIFICATE OF SERVICE

I, JAMES BROWN AKIA EDWARD X WILLIAMS SBI# 350587

Certify Serving upon the OFFICE of The Clerk For The U.S. District COURT of Delaware one original Petition 28§2254 with forma Pauperis Certificate and two copies of Petition 28§2254 and three copies of Appendix to assist evidence in Petition.

On this 13, day of June 2005 will be placed in D.C.C. c/o hand to be mailed out in two large legal mail envelopes -

Address TO:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT OF DELAWARE
844 N. KING ST. LOCK BOX 18
Wilm. Delaware 19801-3520

From: JAMES BROWN A/K/A EDWARD X. WILLIAMS
SBI # 350587
D.C.C. MHU Bldg. #21-B-L-2
SMYRNA, DE. 19977

*James Brown a/k/a Edward X. Williams*   6/13/05

(hand written copy kept by Petitioner)



"LEGAL MAIL"

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING ST. Lockbox 18
Wilmington, Delaware
19801-3510

ORRECTIONAL CENTER
K ROAD
LAWARE 19977