SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

January 13, 2003

James Brown AKA Edward Williams
SBI #00350587
Delaware Correctional Center
Smyrna, DE 19977

RE: State v. James Brown
Criminal ID No. 9705011656

Dear Mr. Brown:

Enclosed please find a copy of the Order I signed on July 30, 2002 denying your pro se motion for postconviction relief. The Order would have been mailed out to you at the address set forth on the cover page, and the Court has no obligation beyond mailing it to you.

Regarding your appeal rights, I am not at liberty to give you legal advice, but I assume you would have to petition the Supreme Court to file your appeal out of time.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc: Stuart Sklut, Esquire
    Prothonotary

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) ID No. 9705011656 |
| | ) |
| JAMES BROWN a.k.a. EDWARD WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

Submitted: April 1, 2002
Decided: July 30, 2002

## ORDER

On Defendant's *Pro Se* Motion for Postconviction Relief. Denied.

Stuart Sklut, Deputy Attorney General, Wilmington, Delaware 19801

James Brown a.k.a. Edward Williams, *pro se* Defendant, Department of Correction, Smyrna, Delaware

CARPENTER, J.

On this 30th day of July, 2002, upon consideration of the Defendant's *pro se* motion for postconviction relief, it appears to this Court that:

1. James G. Brown, a.k.a. Edward X. Williams (hereinafter "Defendant"), has filed this *pro se* motion for postconviction relief pursuant to Superior Court Criminal Rule 61. At the request of the Court, the trial counsel for the Defendant has filed an affidavit addressing the assertions of ineffective assistance of counsel. For the reasons set forth below, Defendant's motion for postconviction relief is **DENIED**.

2. After a three day jury trial, Defendant was found guilty of Assault First Degree, Assault Second Degree, Possession with Intent to Deliver Narcotic Schedule II Controlled Substance, Carrying a Concealed Deadly Weapon, and Resisting Arrest. On May 8, 1998, this Court sentenced the Defendant to nineteen and a half years of Level 5 incarceration followed by probation which included thirteen years of mandatory time. The Defendant's conviction was affirmed by the Supreme Court in April of 1999 and subsequent motions for new trial and sentence reduction have been denied by the Court. The Defendant's initial motion pursuant to Rule 61 was extremely difficult to read and understand. As a result, the Court in December of 2001, believing that the Defendant was attempting to assert ten claims in the motion, sent the Defendant ten sheets of paper requesting that he clearly separate the claims using a sheet of paper for each which the Defendant has done. It is this document that the Court will consider as the Defendant's Rule 61 motion.

3.  While in the instant motion the Defendant has set forth eleven alleged separate claims as grounds for his motion, they appear to the Court to fit within five areas of alleged misconduct. Defendant first asserts a *Brady* violation, because "counsel and prosecutor suppressed the entire D.A.G. discovery reply" which allegedly obstructed Defendant's defense.[1] Second, Defendant claims he was denied a right to confront a witness.[2] Third, Defendant alleges that his conviction was the result of an illegal search.[3] Fourth, Defendant contends that his conviction was based upon false testimony.[4] Finally, Defendant's fifth claim asserts ineffective assistance of council.[5]

4.  Before addressing the merits of any claim raised in a motion seeking postconviction relief, this Court must first apply the rules governing the procedural requirements of Super. Ct. Crim. R. 61.[6] Superior Court Criminal Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of Superior Court, is thereafter

---

[1] Defendant's January 14, 2002 Motion at 2.

[2] Defendant's January 14, 2002 Motion at 3.

[3] Defendant's January 14, 2002 Motion at 6.

[4] Defendant's January 14, 2002 Motion at 4-5.

[5] Defendant's January 14, 2002 Motion 7-12.

[6] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. Super. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. Super. 1990) (*citing Harris v. Reed*, 489 U.S. 255, 265 (1989)).

3



barred, unless the movement shows both cause for relief and prejudice from violation of the movant's rights".[7] In the case at bar, Defendant's first, second and third claims were not asserted in the proceedings leading to the judgement of conviction and this Court finds Defendant's assertions to be absent of supporting facts that demonstrate both cause for relief and prejudice. Furthermore, the record reflects that counsel for the Defendant was provided all required discovery and there is no identified "Brady" material. It appears Defendant's primary complaint is simply that the material was not provided to him, although when this issue was complained of by the Defendant at trial, his counsel advised that he had provided Mr. Brown with the discovery supplied by the State and Mr. Brown's concern related to Jencks Act material. Counsel further advised he had told Mr. Brown that the State was not obligated to provide statements of the witnesses until after the witness testified. Mr. Brown was present during these representations by counsel and never made an effort to correct those comments. In addition, the State introduced the circumstances of the Defendant's arrest through one of two officers present at the scene as well as the testimony of a civilian who assisted the officers.[8] The State is not required to present every possible witness to the crime or every officer who may have been present. The testifying officer was able to give

---

[7] *Flamer v. State,* 585 A.2d 736, 747 (Del. Super. 1990).

[8] Officer Michael Duckett was the other officer present at the time of the Defendant's arrest. At the time of the trial he was on injured relief duty and unavailable.

a first hand account of the events and the other arresting officer's testimony would merely have been cumulative. It also appears that when the officers arrived at the scene the Defendant was identified by numerous witnesses as the shooter and as he ran from the police matched the description that had been provided over the radio as the individual with a gun. The Defendant refused to stop for the officers and they, together with the assistance of a civilian, had to physically restrain the defendant. It was in connection with this apprehension that the gun was discovered in the defendant's left coat pocket. Under these circumstances even if his counsel had filed a suppression motion it is unlikely that the facts would have supported suppression of the gun. Counsel is not required to file motions which he does not believe there is a good faith basis to support and his conduct here is not sufficient to support an ineffective assistance claim.

5. Superior Court Criminal Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[9] Claims for postconviction relief, which are entirely conclusory may be summarily dismissed on that basis.[10]

---

[9] Super. Ct. Crim. R. 61(d)(4).

[10] *See e.g., State v. Brittingham*, Cr. A. No. IN 91-01-1009, Barron, J.(Del. Super. Dec. 29, 1994)(Order) at 3 (citing *Younger v. State*, 580 A.2d 552, 556 (Del. Super. 1990)(holding that

Here, the Defendant has merely stated under his fourth claim that "the conviction in question was based off false testimonies, and the State's witness testimony was in favor of the defendant." The Defendant has not offered supporting facts for this Court to consider his claim and the affidavit of Mr. Figliola clearly establishes that any inconsistency from the witnesses were fully explored at trial and any evidence available to assist the Defendant was introduced. As such, this claim is summarily dismissed by the Court.

6.   Finally, the Defendant asserts that his trial counsel provided ineffective assistance by (a) failing to file pre-trial motions, (b) by admitting to facts prejudicial to the Defendant in his opening statement, (c) by failing to request sequestration of a police officer and (d) by allowing the jury to see him dressed in prison garb. To prevail on this claim, the Defendant must establish that his attorney's representation fell below an objective standard of reasonableness and that but for these errors, the outcome of his trial would have been different.[11] The Defendant's allegations fail to meet this test.

First, counsel is not required to file frivolous motions nor is he required to pursue every possible theory of the case created in the imaginative mind of the

---

conclusory allegations are legally insufficient to prove ineffective assistance of counsel); *Jordan v. State*, No. 270, 1994 Walsh, J. (Del. Super. Aug. 25, 1994)(ORDER)).

[11] *Strickland v. Washington*, 466 U.S. 668 (1984).

6

Defendant. Based upon the facts presented during trial, the court finds no basis to find the pre-trial practice of the Defendant's counsel to be inappropriate or unreasonable. Second, when a defendant is facing extremely serious charges and the evidence clearly supports a conviction on other related charges, it is often an effective litigation strategy to admit to some offenses while denying others. This allows the jury to focus on the defense's arguments relating to the critical issues of those offenses which will result in the greatest consequences to the Defendant. It appears this is exactly what occurred here and the Court will not second guess this decision nor does it believe it was unreasonable under the circumstances of this case. Next, the Defendant argues that Detective Donovan should have been sequestered during the trial. Whether a potential witness should be sequestered is a matter of judicial discretion and the Court finds no prejudice to counsel's failure to request such action. It is also the Court's recollection that Detective Donovan was the chief investigating officer and thus would routinely be allowed to be present to assist in the prosecution. Finally, in the context of an ineffective assistance argument the Court does not find his counsel's conduct to be inappropriate nor would it affect the outcome of his case for the jury to observe the Defendant in prison clothing. Clearly the Defendant was in custody being guarded by two Correction officers during the trial. This judge finds arguments of prejudice under such circumstances to be ridiculous. The Court also notes that when this matter was

raised by the Defendant at trial, the Court advised the Defendant that it would allow him to be dressed in civilian clothing but that his family would have to provide them to his counsel or the prison. The Defendant wanted the prison to provide such clothing and he was told they had no obligation to do so. That remains the status of the law and Defendant never further pursued this matter.

7. The evidence against the Defendant was overwhelming but he refused to be realistic in assessing the risk of conviction. It is clear he failed to heed the warnings of his experienced counsel whose conviction prediction proved correct. The Defendant has no one to blame for his present predicament other than himself.

8. For the reasons set forth above, the Defendant's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Judge William C. Carpenter, Jr.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES G. BROWN, | § § § | |
| Defendant Below-Appellant, | § § § | Nos. 31 and 57, 2003 CONSOLIDATED |
| v. | § § § | Court Below—Superior Court of the State of Delaware, |
| STATE OF DELAWARE, | § § § | in and for New Castle County Cr.A. Nos. IN97-05-1620 R3 |
| Plaintiff Below-Appellee. | § § § § | IN97-05-1624 R3-1627 R3 IN97-05-0255 R3-0257 R3 |

Submitted: May 16, 2003
Decided: June 24, 2003

Before **VEASEY**, Chief Justice, **HOLLAND** and **STEELE**, Justices

### ORDER

This 24th day of June 2003, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)   The defendant-appellant, James G. Brown, filed an appeal from the Superior Court's July 30, 2002 and January 13, 2003 orders denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.

(2)   In April 1998, Brown was found guilty by a Superior Court jury of Assault in the First Degree (as a lesser-included offense of Attempted

Murder in the First Degree), Assault in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Resisting Arrest, Trafficking in Cocaine, and Possession with Intent to Deliver Cocaine. Brown was sentenced to 19 years and 6 months incarceration at Level V, to be followed by probation. This Court affirmed Brown's convictions and sentences on direct appeal.[1]

(3) In this appeal, Brown claims that: a) defense counsel and the prosecutor suppressed discovery; b) the arresting police officer was not called to testify, depriving him of his confrontation rights; c) the prosecutor led three witnesses to perjure themselves; d) the prosecutor stole his arrest photo from the trial evidence; e) he should not have been arrested because he did not fit the description of the suspect; f) the seizure of the gun and the cocaine was illegal; g) his counsel was ineffective for failing to file pretrial motions and motions in limine, suggesting his guilt to the jury, failing to request sequestration of the investigating officer, and failing to subpoena the arresting officer; h) he should not have been forced to wear prison clothing at trial; and i) the trial judge failed to instruct the jury on the law of accident.

---

[1] *Brown v. State*, Del. Supr., No. 242, 1998, Walsh, J. (Mar. 15, 1999).

(4)   Brown's claim of a discovery violation and his claim that he should not have been permitted to wear prison clothing at trial were both presented to the Superior Court as pretrial motions, both of which were denied. Brown failed to assert either claim in his direct appeal. Because these two claims were formerly adjudicated, they are procedurally barred unless reconsideration is warranted in the interest of justice.[2] Based upon our review of the record in this case, including the transcript of trial, we conclude that reconsideration of these claims is not warranted in the interest of justice.

(5)   Because Brown did not assert claims b) through f) in the proceedings leading to the judgment of conviction, they are procedurally defaulted unless Brown can demonstrate cause for relief from the default and prejudice from a violation of his rights.[3] Our review of the record in this case, including the transcript of trial, does not reveal any evidence supporting either cause for relief from the default or prejudice from a violation of any right of Brown. Moreover, we find no evidence that the procedural bar

---

[2] SUPER. CT. CRIM. R. 61(i) (4).

[3] SUPER. CT. CRIM. R. 61(i) (3).

should be excused due to either a lack of jurisdiction on the part of the Superior Court or a miscarriage of justice due to a constitutional violation.[4]

(6) In order to prevail on his claim of ineffective assistance of counsel, Brown must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[5] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[6]

(7) Our review of the record in this case, including the trial transcript, reveals no basis for Brown's claim of ineffective assistance of counsel. Brown has failed to demonstrate that any error on the part of his counsel resulted in prejudice to him.

(8) Brown's final claim that the judge should have instructed the jury on the law of accident was not presented to the Superior Court at trial, on direct appeal or in his postconviction motion. This Court will consider for

---

[4] SUPER. CT. CRIM. R. 61(i) (5).

[5] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[6] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

review only those questions fairly presented to the trial court in the first instance unless review is required in the interest of justice.[7] Our review of the record in this case does not lead us to conclude that this claim should be reviewed in the interest of justice.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

---

[7] SUPR. CT. R. 8.