MEMORANDUM FOR
PETITION UNDER 28 U.S.C § 2254 FOR
WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

FILED
JUL - 6 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05-440  JJF

| UNITED STATES DISTRICT COURT | DISTRICT OF THE STATE OF DELAWARE |
|---|---|
| NAME: JAMES BROWN AKA EDWARD X. Williams | DOCKET OR CASE NO. ID.NO 9705011656 |
| Place of Confinement: Delaware Correctional Center 1181 PADDOCK ROAD, SMYRNA, DE, 19977 | Prisoner NO. SBI# 350587 |
| Petitioner: JAMES BROWN Prisoner SBI# 350587 | Respondent: V. Thomas L. Carroll D.C.C Warden |
| The Attorney General of the State of Delaware JANE BRADY | |

I

## II

## " SUMMARY OF THE ARGUEMENTS ....."

I. * "Whether Super. Ct. and Supr. Ct. of the State of Del., committed an error in formulating and applying law when both Courts Procedurally barred, defaulted Brady claim and other grounds raised in P.C.R. 61."

* When Prosecution fails to disclose material exculpatory evidence in Violation of Brady rule, Post Conviction Relief can not be procedurally barred, as a Brady Violation undermines the fairness of the Proceeding leading to the Judgment of Conviction." Super. Ct. Crim. R. 61 (1)(3)."

II. * "Whether Super. Ct. and Supr. Ct. of the State of Del., committed an error in formulating and applying law when both Courts Procedurally barred, defaulted P.C.R. on issue: "Trial Court was in error for failing to instruct Jury on law of accident when evidence warranted such instruction."

* "Where there was evidence in Prosecution for attempted murder 1st degree that Shooting was accidental, defendant was entitled to Jury instruction on accident." 11 Del. C. §§ 302(b), 531, 613, 636 and F.R.E rule 103(d) 28 U.S.C.A."

" Petitioner's Papers are inexpertly drawn, but they do set forth allegations that his imprisonment resulted from Perjured testimony, Knowingly used by the state authorities to obtain his Conviction, and from the deliberate Suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if Proven, would entitle Petitioner to release from his Present Custody." "Mooney v. Holohan, 294 U.S. 103, 55, S.Ct. 340, 79 L.Ed. 791."
* Also See Case Law "Clemmons v. Delo, 124 F.3d 944, (C.A.8 (Mo.) 1997)."

"III"

## TABLE OF CONTENTS   "PAGE NUMBERS"

| | |
|---|---|
| NATURE AND STAGE OF PROCEEDINGS | 1, 2, |
| STATEMENT OF FACTS | 3, 4, 5, 6, |
| SUMMARY OF ARGUEMENTS | 7, 10, 12, 18, 19, 24, 25, 27, 28, 29, 33 & pg. II |
| Atkinson v. State, 778 A.2d. 1058 (Del. Supr. 2001) | 19, 20, 31, |
| Banks v. Reynolds, 54, F.3d, 1508, 1515 (10.Cir.) | 8, 9, 12, |
| Barbee v. Warden, 331, F.2d, 842 | 14, |
| Brady v. Maryland, 373 U.S. 83, 83, S.Ct. 1194 (1963) | 7, 10, 12, 18, 24, 25, 28, 29, 33 |
| Com v. Davis, 351, Ad, 642, 466 PA. 102, | 27, |
| Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. | Pg. 7, |
| Clemmons v. Delo, 124, F.3d, 944 (C.A.8(Mo) 1997) | 9, |
| Farmer v. State, 698 A.2d. 946 (Del. Supr. 1997) | 6, 20, |
| Kotteakos v. U.S. 750, 66, S.Ct. 1239 (1946) | 7, |
| Kyles v. Whitley, 115, S.Ct. 1555, 514, U.S. 419, | 11, |
| Mooney v. Holohan, 294, U.S. 103, 55 S.Ct. | 14, 15, 17, 18, |
| Pyle v. Kansas, 317, U.S. 213, 215, 216, 63 S.Ct. | 13, |
| State v. Glenn, 481, A.2d, 741, 194 Conn. 483, | 27, |
| State v. Robinson, 646 A.2d. 118, 230, Conn. 591, | 25, |
| Strickland v. Washington, 466, U.S. 668, 667, (1984) | 25, 28, 32, |
| Ward v. State, A.2d, 1194, (Del. Supr. 1976) | 33, 37, |
| Whitfield v. State, 524, A.2d, 13, (Del. Supr. 1997) | 22, |
| U.S. v. Augurs, 427, U.S. 97, 103, 96 S.Ct. 2392, | 13, 15, |
| U.S. v. Bagley, 473, U.S. 667, 679, n.9, 105 S.Ct. | 7, 11, |
| 11 Del. C.S. 302 (b), 531, 613, 636, | 33, 34, 35, 36, 37, |
| D.R.E. 403 | 21, |
| D.R.E. 901 (a) | 20, 22, |
| DUE PROCESS CLAUSE VIOLATION | 29, |
| F.R.E. 103 (d) 28 USCA | 33, 37, |
| Free Standing Confrontation Clause Violation, | 29, |
| Super. Ct. Crim. Rule 61 (i)(3), | II, 14, |
| U.S. v. McConney, 728, F.2d 1195 1204 (9.Cir.) | 8, |

## NATURE AND STAGE OF THE PROCEEDINGS

On 4/1/98 State of Del. v. JAMES BROWN ID.NO 9705011656 before Jury trial begin "BROWN" told Super. Ct. Judge no Discovery was ever given to him (A-1, A-2) resulting in unconstitutional Conviction 20 years and 6 month sentence level V. "BROWN" been in Custody since May 17, 1997 in Violation of the Constitution or laws of the U.S.A.. "BROWN" was convicted from the Prosecutor deliberate Suppression of all Discovery and the Prosecutor's Knowingly use of Perjured testimony ....

Court Appointed Counsel refused to raise Brady v. Md., Claim on direct Appeal result BROWN v. state #242, 1998 was AFFirm on 3/15/99. Counsel told "BROWN" to file BRADY on P.C.R. rule 61 Motion. And told "BROWN" to file first Writ of Habeas Corpus against the 3/15/99 AFFirm Order of BROWN v. State #242, 1998 , "BROWN v. SNYDER Cv.Act. 99-730JJF was DENIED on 3/9/01 With out a Prophylactic Warning given under AEDPA, thereafter

1

BROWN v. State of Del. ID.NO.9705011656 P.C.R rule 61 raising Brady claim that was raised before trial begin all grounds resulted from the deliberate Suppression of all Discovery. Super. Ct. Judge procedurally barred defaulted Brady on 7/30/02 did'nt notify BROWN until 1/13/03 There after BROWN v. State of Del. NOS. 31, 57, 2003. P.C.R Appeal was ordered AFFirmed on 6/24/03 Procedurally Barred, defaulting Brady v. Md, claim.

There after BROWN filed Motion in C.A. 3. Cir., request authority to file 2Nd or Successive Writ of Habeas Corpus against the 6/24/03 AFFirm order of BROWN v. State of Del. NOS. 31, 57, 2003. "BROWN C.A. 3. Cir., NO-04-1160" was Denied on 4/8/04 and Pet. EnBanc on 10/4/04 Denied.

Certiorari was Denied on 3/7/05 as was Petition for Rehearing BROWN v. Carroll NO. 04-7997 was DENIED on May 31, 2005. This Writ of Habeas Corpus was filed on 6/13/05, as Petitioner BROWN is still in Custody in Violation of the Constitution and laws and treaties of the U.S.A since May 17, 1997.

2

- 3 -

## STATEMENT OF FACTS/MEMORANDUM

On 4/1/98 before Jury trial begin in Super. Ct. "State of Del. v. JAMES BROWN I.D.NO.9705011656", Petitioner "BROWN" informed Court that No Discovery was ever given to "BROWN". (Trial record 4/1/98 pg.2:1:23 & pg.3:1:15). "BROWN" was forced to Jury trial with no Discovery result unconstitutional Conviction obtain by Prosecutor deliberate Suppression of all Discovery and knowingly use of Perjured testimony. "BROWN" charges were serious. Alleged Att. Mur.1, ASLT.2ND, 2 Counts of P.F.D.C.F., TRF. Coc. 5-50G, P.W.I.T.D, NSII, CS, C.C.D.W, and Resisting Arrest of officer Micheal J. DUCKETT (absent at trial).

"BROWN" 6th Amend. right to Confront his Accuser was Violated and his 14th Amend. right Due Process is Violated. Offic. M.J.DUCKETT (A-5 Indict, Count 8) and (A-8 tri.rec 4/1/98 pg 88:17:23). Jury found "BROWN" not guilty of Att. Mur.1, found guilty of ASLT. 1st a charge "BROWN" was never indicted For. The State of Del. failed to prove their Prima facie Case of alleged Attemp. Murder 1. No evidence of alleged Att. Mur.1 only evid., of a accidental Shooting. (See A-29, tri.rec. 3/31/98 BURRIS-CROSS pg.66:1:23 and A-30, tri.rec. 3/31/98 pg.72:17:22). Struggling than Shots heard. Yusuf Fitzgerald testified he was n't sure if "BROWN" had something, he say he heard it, a shot, as he and "BROWN" was tussling. (A-31, tri.rec. 4/1/98 Yusuf Fitzgerald-DIRECT pg.30:5:12). Mary Ellen Bogert testified She saw a fight, 10 to 15 minutes during the Struggling she heard the shot. (A-32, tri.rec. 4/1/98 BOGERT-CROSS - pg.58:7:13). All state witnesses testimony above evidence warranted a Jury instruction on the law of accident,"11 -

"BROWN" testified that Yusuf put a gun in his face when Saladine attacked "BROWN" in a fight, next thing "BROWN" seen a gun in his face which was in Yusuf Fitzgerald hand and a struggle took place and during the struggle the gun went off. As the struggling continued "BURRIS" said the Cops is coming let the gun go!, Let the gun go, And Yusuf let go of the gun, and "BROWN" ran down the street with the gun put it in his pocket and ran into an alley and smoked some coke (crack). (A-48, A-49, A-50).

Prosecutor suppressed all discovery and used perjured testimony to convict "BROWN". Prosecutor lead "Jeffrey ADAMS" into perjury to falsely say "BROWN" just pulled out something and shot him. When the Prosecutor deliberately Suppressed "J. ADAMS" 5/17/97 Statement pg #2. Answer #5 "Adams" states he didn't see when he shot "Biggy". (A-11; ADAMS Suppressed Statement A-16 "Adams" Perjury trial record 4/1/98 "ADAMS-DIRECT pg 66: 4:11)". Prosecutor lead "Detective Donovan" into perjured testimony to falsely say "BROWN" had on a gray jacket when "Det. Donovan" photographed "BROWN" on arrest date 5/17/97 wearing a long Black and Yellow Coat. (A-15 tri.rec. 4/1/98 pg. 136: 1:20 DONOVAN-REDIRECT perjured testimony compare it to the 5/17/97 arrest picture that the Prosecutor suppressed away from the Jury and the accused (A-18, tri.rec. 4/1/98 page 19:10:22 Defense I.D.A and A-19, tri.rec. 4/1/98 page 125:1:23 where Prosecutor Suppressed favorable evidence of "BROWN arrest photo" shows "BROWN" is not the suspect a black male wearing a gray jacket.

4

Prosecutor lead Officer BOZEMAN into perjured testimony to falsely say to the Jury that he took a gun off my person containing two live and two spent casings in the gun. (See Perjury of BOZEMAN-DIRECT A-12, tri.rec. 4/1/98 pg's 101:1:23 & pg.102:1:4, A-13) Compare Officer BOZEMAN perjurious testimony to the Officer Micheal J. DUCKETT "PHYSICAL EVIDENCE REPORT submitted to Detective Robert Donovan page #2 which states only he Officer DUCKETT recovered a gun from "BROWN" containing three spent casings and two live rounds Officer BOZEMAN filed no reports of his perjurious testimony. ("In fact the Prosecutor Suppressed all discovery including Officer Duckett Supplement report A-24 and A-14 the PHYSICAL EVIDENCE REPORT"). Prosecutor put in evidence a gun with no legal nexus to the alleged offenses I, II, III & IV of the Indictment (A-5) of "State of Del. v. JAMES BROWN I.D.NO. 9705011656" Detective DONOVAN testified he never saw gun or casings or Projectiles until yesterday (DONOVAN-CROSS A-27 tri.rec. 4/1/98 pg.134:15:22) Det. DONOVAN testified he can not determine whether bullet that is in Saladine and bullet that was in Yusuf was fired from that gun? Detective DONOVAN, testified "I don't have the projectiles. NO, I don't. (A-28-DONOVAN-CROSS, tri.rec. 4/1/98 pg.135:9:12). Prosecutor

5

used a gun with no legal nexus to Counts I, II, III, & IV of the Indictment (A-5) State of Del. v. JAMES BROWN I.D.NO.9705011656" in Violation of D.R.E., 403: "Where unwarranted inferences reflect adversely on defendant by portraying him as having a gun available to him, without establishing that gun was probably used in Shooting --- admissibility is barred, because Speculation creates Prejudice even apart from weighing process required by evidentiary rule." citing: Farmer v. State, (Del. Supr. 1997) 698 A 2d 946.

## SUMMARY OF ARGUEMENTS

Whether Super. Ct. and Supr. Ct. of the State of Del., Committed an error in formulating and applying the laws when both Courts Procedurally barred, defaulted Brady Claim and other grounds raised in P.C.R. rule 61 Motion.

Ground 1: Counsel + Prosecutor Suppressed the D.A.G., Discovery obstructing Defendants Defense.

Supporting Facts: Defendant inform Court of the Suppression. Counsel denies it and admits it. (A-1, trial record 4/1/98 pg. 2:1:23 + (A-2, tri.rec. 4/1/98 pg. 3:1:15). Counsel false claims that Prosecutor didn't Supply him with Jencks is shown when Counsel gives Jencks to Prosecutor, (A-3) tri.rec. 4/1/98 pg. 87:12:19. Deputy ATTORNEY GENERAL mailed Discovery to Counsel of Record See Prothonotary file + Docket sheet (A-4) pg. 1 lines 2 + 3. Counsel claims he never had Jencks but mailed all Discovery to me on 6/21/99. "Relief dismiss all Charges or New Trial and Evidentiary Hearing."

"Prosecutorial misconduct in a state criminal Proceeding will be grounds for a Writ of Habeas Corpus unless the Prosecution can show that the error was harmless beyond a reasonable doubt. "Chapman v. Cal., 386, US 18, 24, 87 S.Ct. 824, 828, 17, L.Ed., 2d. 705 (1967), This test is the equivalent of the "Chapman" harmless error test," U.S. v. Bagley, 473, US, 667, 679, n.9, 105 S.Ct., 3375, 3382, n.9, 87, L.Ed.2d, 481 (1985) and "Kotteakos v. US, 328, US, 750, 66 S.Ct. 1239, (1946)".

7

The question of whether respondents have proved harmlessness beyond a reasonable doubt is a mixed question of law and fact which should be reviewed denovo since it does not call for a predominantly factual inquiry." U.S. v. McConney, 728, F.2d 1195, 1204 (9th Cir.) cert. denied 469 U.S. 824, 105, S.Ct. 101, 83, L.Ed 2d 46 (1984)."

"The initial question, though is not whether there was cause to excuse a procedural default but whether there was a default in the first place". "In other words did "BROWN" fairly present his Brady Claim in the State Courts?" Clemmons v. Delo, 124, F.3d 944, (C.A.8.(Mo.)1997)."

The merits of the Brady claim before "BROWN" Jury trial begin in (State of Del. v. JAMES BROWN ID. NO. 9705011656 on 4/1/98 transcript of trial record pg's "*2:1:23 and pg. 3:1:15)" were obvious at the time of "BROWN" direct appeal, since "BROWN" raised the Brady issue before jury trial begin and requested for Court Appointed Counsel to raise the Brady claim on direct appeal. Ct. Apptd. Counsel refused and failed to raise Brady claim on direct appeal. (Failure to raise "dead-bang winner claim" on appeal — Constitutes ineffective assistance of Appellate Counsel even though Counsel may have raised other strong but ultimately unsuccessful claims)."* A-1 and A-2."

8

```
 1           IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

 2                    IN AND FOR NEW CASTLE COUNTY

 3                         - - - - -

     STATE OF DELAWARE          )
 4                              )
              v.                )    I.D. No. 9705011656
 5                              )
     JAMES G. BROWN,            )
 6                              )
              Defendant.        )
 7                         - - - - -

 8   BEFORE:

 9                   HON. WILLIAM C. CARPENTER, JR.
                     and a jury
10

11   APPEARANCES:

12                   THOMAS A. PEDERSEN, ESQ.
                     Deputy Attorney General
13                   Attorney for the State

14                   ANTHONY A. FIGLIOLA, JR., ESQ.
                     Attorney for the Defendant
15

16

17
                       TRANSCRIPT OF TRIAL RECORD
18                          APRIL 1, 1998

19

20

21

22              OFFICIAL COURT REPORTERS
            SUPERIOR COURT OF THE STATE OF DELAWARE
23   DANIEL L. HERRMANN COURTHOUSE, WILMINGTON, DELAWARE
```

2

```
 1                                      April 1, 1998
                                        9:20 o'clock a.m.
 2                                      Courtroom No. 201

 3    PRESENT:

 4    -           As noted.

 5                THE COURT:  I apologize, counsel.  Are

 6    there any matters we need to take up before the jury

 7    comes in?  Yes, sir, Mr. Brown.

 8                MR. BROWN:  Your Honor, I haven't been able

 9    to get a Rule 16 for discovery.  I asked for it for

10    quite some time.  My counsel just advised me that

11    there was no Rule 16 discovery on this case.  He said

12    that the district attorney didn't have one.  I didn't

13    -- and I didn't get one, so I couldn't -- so I didn't

14    have no way to know, a better way to defend myself on

15    the case without the Rule 16.  I just wanted that to

16    be known for the record.

17                MR. FIGLIOLA:  Your Honor, that is not

18    true.  Mr. Brown was given the discovery reply that I

19    was -- that was provided to me by Mr. Pedersen.  What

20    he did not receive and what I told Mr. Brown is that

21    Mr. Pedersen has no obligation to supply Jencks

22    material until the individual testifies.  It is the

23    Jencks material that we were not supplied with.
```

A-1

1   We're not entitled to receive it ahead of time. What
2   we were entitled to receive we did receive, and it
3   was given to Mr. Brown. There's probably one
4   -exception to that, your Honor, that I did not give
5   Mr. Brown the M.E.'s report, but I did have it.
6           THE COURT: Mr. Brown, since you are
7   represented by counsel, you are not -- you personally
8   aren't entitled to the Rule 16. Obviously, Mr.
9   Figliola can share that information with you, but
10  it's the -- but the information is given to the
11  attorneys, not to the individual clients. So you
12  have made your record, and if you want to pursue it
13  later, you are allowed to. But I think we have a
14  sufficiently clear record, and I see no reason to
15  delay the trial. Thank you, sir.
16          MR. BROWN: Also, I have been trying to get
17  some clothes to wear to trial, but I haven't had much
18  success with it since I have been incarcerated for a
19  year.
20          THE COURT: Do you have family that you
21  have been calling?
22          MR. BROWN: I haven't been able to get in
23  contact with my family, but I did ask at the jail,

A-2

(The substantial merits of the claim provide the necessary prejudice to excuse the default)(see "Banks v. Reynolds, 54, F.3d, 1508, 1515, (10th Cir., 1995). Ct. Apptd. Coun. failure to raise Brady on direct appeal forced "BROWN" to had to wait to raise Brady on P.C.R. rule 61 see "BROWN v. State of Del ID NO. 97-05011656", PCR denied on 7/30/02 mailed to "BROWN" six to seven months late on 1/13/03. Appeal of P.C.R was ordered Affirmed on 6/24/03 BROWN v. State of Del., Nos. 31, 57, 2003 by the Supr. Ct. of the State of Del.. "BROWN" than filed in U.S.C.A.3.Cir, an application for authority to file a second or successive Writ of Habeas Corpus to challenge the 6/24/03 Affirm Order of BROWN v. State of Del. Nos. 31, 57, 2003 the application to file a second or successive pet. 28§2254 was DENIED on 4/8/04 as was Petition EnBanc DENIED on 10/4/04 of case "BROWN, C.A.3.Cir, NO. 04-1160" There after petition for a Writ of Certiorari was filed in Sup. Ct. of the U.S. to challenge these Brady claim issues certiorari was DENIED on 3/7/05 and petition for rehearing was DENIED on 5/31/05 "BROWN v. Warden Carroll, NO. 7997". "BROWN" exhausted all State remedies as did Clemmons v. Delo, 124 F.3d, 944, (C.A.8(Mo.)1997)"

9

Whether Super. Ct. and Supr. Ct. of the State of Del., committed an error in formulating and applying the law when both Courts Procedurally barred, defaulted Brady claim and other grounds raised in P.C.R. Rule 61 Motion.

Ground 2: Denied a right to Confront a Accuser, Witness Arresting Officer Micheal J. DUCKETT.

Supporting Facts: Officer DUCKETT arrested me see Indictment (A-5). (A-6) tri.rec. 4/1/98 pg. 130:13:23 + (A-7) pg. 131:1:2. He was not at trial, (A-8) tri.rec. 4/1/98 pg. 88:17:23. Officer DUCKETT report say 911 radio said look for Suspect, Black male wearing a gray jacket (A-9) - tri.rec. 4/1/98 pg. 89:19:22. See Defendant arrest polaroid picture shows defendant never fit suspect description and shows illegal search and seizure took place. (A-10) tri.rec. 4/1/98 pg. 126:10:13. Officer DUCKETT searched me and filed reports not officer HAROLD BOZEMAN.

Due to the trial Prosecutor Suppression of the entire Deputy Attorney General Discovery Reply. "BROWN" had no knowledge of Officer DUCKETT Suppressed Supplement CRIME REPORT (A-24) nor did "BROWN" have knowledge of Officer DUCKETT name as the officer who arrested "BROWN" for Resisting Arrest in Count 8 of the Indictment (A-5). "BROWN" didn't resist arrest as the Suppressed report states "BROWN" was read Miranda rights at Central (Wilm.Del.Police Dept.),

10

(A-24 Supplement Report of Officer DUCKETT pg. 4 of 4). Prosecutor Suppressed. (A-11 Jeffrey Adams May 17, 1997- Statement pg. 2 Answer #5 reveals no resisting arrest - "BROWN" was being attacked by Yusuf Fitzgerald and pg. 3 Answer #16 Shows the same he was the leader of the crowd. As Jeffrey ADAMS testified on 4/1/98 pg. 68:22:23 (A-43). And (A-44) pg 69:1:4 which reveals bottles were being thrown at "BROWN" as police officer DUCKETT was handcuffing "BROWN" was not resisting arrest "BROWN" was resisting attack by bottles being throw at him.

    All the Suppressed Discovery contained exculpatory evidence that if not had been Suppress- -ed from the accused and trier of facts show that a "reasonable Probability exist of a different result undermines Confidence in the outcome. "U.S. v. Bagley, 473, U.S. 667, 679, n.9, 105, S.Ct. 3375, 3382, n.9, 87 L.Ed. 2d. 481 (1985)" and "Kyles v. Whitley, 115 S.Ct., 1555, 514, U.S. 419, (U.S. La. 1995)"

    Prosecutor used Officer DUCKETT Supplement- Report read it to the Jury without the Consent of "BROWN" violated "BROWN" right to Confront Officer DUCKETT (A-3, tri.rec. 4/1/98 pg. 87:12:19) who filed the report, Officer "BOZEMAN" filed no reports. "BROWN" was Procedurally barred, defaulted for raising a "Free Standing Confrontation Clause claim for the first -