IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES BROWN a/k/a          :
EDWARD X. WILLIAMS,        :
                           :
    Petitioner,         :
                           :
v.                         :   Civil Action No. 05-440-JJF
                           :
THOMAS CARROLL,            :
Warden,                    :
                           :
    Respondent.         :

### O R D E R

In November 1999, Petitioner James Brown (a/k/a Edward G. Williams) filed his first Application for federal habeas relief challenging his 1998 conviction and 20 year sentence. He alleged that: (1) there was insufficient evidence to find him guilty of first and second degree assault; (2) if the underlying felonies were not legally supported, then the two counts of using a deadly weapon in the commission of a felony could not be supported; and (3) the Superior Court judge committed plain error by failing to declare a mistrial after the jury foreperson expressed concerned over delivering the jury's verdict. Brown v. Snyder, 2001 WL 34368417, at *1, 2 (D. Del. Mar. 9, 2001). The Court denied Petitioner's first Application. Id. at *4-5.

On June 27, 2005, Petitioner instituted the present action seeking federal habeas corpus relief pursuant to 28 U.S.C. §

2254. (D.I. 2.) Petitioner's current Application also challenges his 1998 conviction and sentence, asserting that: (1) defense counsel and prosecutor suppressed the D.A.G. discovery, thereby obstructing Petitioner's defense; (2) he was denied the right to confront an accuser; (3) the prosecutor permitted three state witnesses to commit perjury; (4) prosecutorial misconduct due to suppression of favorable evidence; and that the Delaware state courts committed errors in formulating and applying law by finding his Brady claim procedurally defaulted and in finding his jury instruction claim procedurally defaulted. (D.I. 1; D.I. 4.)

Pursuant to § 2244(b)(1) of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive if a prior application has been decided on the merits, and the prior and subsequent applications challenge the same conviction. C.f. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

Here, both of Petitioner's § 2254 Applications challenge the same 1998 conviction and sentence. The Court denied Petitioner's first Application on the merits.[1] Thus, Petitioner's new Application is a second or successive application within the meaning of 28 U.S.C. § 2244.

The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new Application. In fact, Petitioner applied for such permission in January 2004, the Court of Appeals for the Third Circuit denied the request in April 2004, and the United States Supreme Court denied his petition for a writ of certiorari in May 2005. See generally D.I. 1 at ¶¶ 11, 12; In re Brown, C.A. 04-1160 (3rd Cir.). The Court will therefore dismiss Petitioner's new Application pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

---

[1]The Court denied Petitioner's jury partiality claim as procedurally barred due to his procedural default of the claim in the state courts. In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). The Court denied Petitioner's insufficient evidence claims on the merits for not satisfying the standard in 28 U.S.C. § 2254(d)(1).

THEREFORE, at Wilmington this **31** day of **August**, 2005;

IT IS ORDERED that:

1. Petitioner James Brown's Application for Habeas Corpus Relief filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED. (D.I. 1.)

2. Petitioner's Application to Proceed In Forma Pauperis is GRANTED. (D.I. 1; D.I. 2.)

3. Petitioner's Motion for the Appointment of Counsel is DENIED as moot. (D.I. 5.)

4. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

5. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of the Application and this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General for the State of Delaware.

6. The Clerk shall also send a copy of this Order to the Petitioner at his address on record.

_____
United States District Court