

# NOTICE OF APPEAL
## TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT

**U.S. District Court for the District of Delaware**

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

JAMES BROWN a/k/a EDWARD X. Williams, SBI# 350587.

DISTRICT COURT
DOCKET NUMBER: 05-440-JJF

v.

THOMAS CARROll, WARDEN, D.C.C. SMYRNA.

DISTRICT COURT
JUDGE: Joseph J. Farnan Jr.

Notice is hereby given that JAMES BROWN a/k/a EDWARD X. Williams, SBI# 350587,
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [✓] Judgment, [✓] Order,

[✓] Other (specify) 8/31/05 DENIED ORDER OF BROWN v. CARROll, Warden,

05-440 JJF Petition 2 S§ 2254 Writ of Habeas Corpus, AEDPA

entered in this action on   8/31/05 *(Docket entry of above case 7/6/2005).
                          (date)

DATED: 9/19/2005
_____

James Brown a/k/a Edward X. Williams
(Counsel for Appellant-Signature) "Pro'se"

_____
(Name of Counsel - Typed)

D.C.C SMYRNA. 1181 PADDOCK ROAD
(Address)

SMYRNA, DELAWARE 19977

_____
(Telephone Number)

STATE OF DE, ATTN. GEN. JANE BRADY
(Counsel for Appellee)

820 N. FRENCH STREET
(Address)

Wilmington, Delaware, 19801

_____
(Telephone Number)

**NOTE: USE ADDITIONAL SHEETS** if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.

*1*

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD : CIRCUIT

THOMAS CARROll, WARDEN

Plaintiff - Appellee,

v.

JAMES BROWN aiKa EDWARDX·Williams
SBI#350587
Defendant - Appellant.

Case No. _____

Application for Certificate of
Appealability for 8/31/05
DENIED ORDER OF BROWN V.
CARROll, WARDEN, 05-440-JJF
PET. 28§2254 Writ of Habeas Corpus.

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

1. **Statement of the Case.** (This should be a brief summary of the proceedings in the district court.) 28§2254 Filed 7/6/05 DENIED 8/31/05 Wrong as Second or Successive 28§2254 When it's a Rule 61 P.C.R. Appeal procedurally barring defaulting Brady v. Md, which is reason Pet. 28§2254 (a)(d)(1) was filed to show Conviction was obtain by Prosecutors deliberate Suppression of all D.AG. Discovery and Knowingly use Perjured testimony meets 28§2253 Appeal Standard Ct. in DENIED ORDER fails mention (see Additional Page)

2. **Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.) Same issues raised on Rule 61 P.C.R. Appeal : Did Ct's Commit error procedurally barring Brady v. Md claims on PCR rule 61 Appeal Trial Ct. was in error for not instructing Jury on law of accident when evidence warrant it pursu to 11 Del. C. §§ 302 (b) 531, 613, 636 FRE rule 103 (d) 28 USCA And DENIED ORDER of 8/31/05 is incorrect (See Additional Page Ques. #2 :)

3. **Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.** A conviction obtained by Prosecutor deliberate Suppression of all D.A.G Discovery Reply and Knowingly use of Perjured testimony is a Violation of the 14th Amend. Due Process Clause and Violates the 6th Amend. right to a fair trial and meets Standards Stated on Pg. 1. Brady cannot be barred or defaulted on rule 61 P.C.R. Appeal

See Additional page for Ques. #3, the 8/31/05 DENIED ORDER is wrong.

3

Additional Page For Question #1 Statement of the Case:

"Its a Rule 61 P.C.R. Appeal" BROWN v. State of Delaware, Nos. 31,57, 2003" 6/24/03 Affirm Order which procedurally-barred, defaulted Brady v. Maryland claims raised on rule 61 P.C.R. Appeal this after all state remedies was exhausted is why Pet. 28§2254 "BROWN V. CARROll 05-440-JJF" was filed to challenge a unconstitutional conviction obtained by Prosecutor Suppression of all Discovery and perjured-testimony. (See actual Pet. BROWN V. CARROll-05-440-JJF for evidence).

Additional page for Ques. # 2: Issues raised on Appeal:
#1: Is Distr. Ct. Denial of writ recharacterize as a Second or suc-cessive 28§2254 error? Thats filed to challenge Affirm Order of Rule 61 P.C.R. APPEAL that barred and defaulted Brady v. Maryland-claims after exhausting state remedies?  #2: Is denial of of Pet. 28§2254 that shows denial of Constitutional rights error? When Distr. Ct. denies it as not showing denial of Constitutional rights of which Suppression of all Discovery and perjured testimony to Convict are denial of Constitutional rights. #3: Is Distr. Ct. in error for using lack of Jurisdiction to not address Pet. 28§-2254 that meets standards of 28§2254(a)(d)(1) and 28§2253 (C). #4: Whether Cts., are in error for barring defaulting Brady v. Maryland claims raised before trial begin and on P.C.R. rule 61 and Appeal. #5: Whether Cts., are in error for bar-ring defaulting Jury instruction on law of accident provisions of 11 Del. C. 302 (b) 531, 613, 636 and provisions of F.R.E. rule 103 (d) 28 U.S.C.A. when evidence warrant it.

Additional page for Ques. # 3: this Appeal meets the Standards of 28§2253 (C) and 28§2254 (a)(d)(1) for a Conviction obtain by D.A. Suppression of all Discovery and Per-Jured testimony is a Violation and Denial of Constitutional rights.

4.  **Do you think the district court applied the wrong law? If so, what law do you want applied?** Yes. The Ct. denied my Petition as a Second or Successive 28§2254 See pg. 2 of 8/31/05 DENIED ORDER BROWN v. CARROll 05-440-JJF, the Ct. used case law Robinson v. Johnson 313 F.3d 128,139 (3. Cir. 2002) to falsely claim "BROWN" Petition as a Second or Successive 28§2254 when its not it was filed to challenge a Rule 61 P.C.R. APPEAL that procedurally Bar. defaulted Brady. I want Case law of Christy v. Horn 115 F.3d 201,208 (3d Cir. 1997) to be Applied (see Additional Page)

5.  **Did the district court incorrectly decide the facts? If so, what facts?** Yes. The facts that "BROWN" has exhausted all state remedies concerning being in Custody in Violation of 28§2254 (a)(d)(1) for all the facts are in the record that the Prosecutor obtain Conviction by deliberate Suppression of all Discovery and Knowing used Perjured testimony. And facts that all DENIED ORDERS (see Additional Page)

6.  **Did the district court fail to consider important grounds for relief? If so, what grounds?** Yes # 1 Ground is "BROWN" is in Custody in Violation of the Constitution or laws or treaties of the U.S. 28§2254 (a)(d)(1) for BROWN conviction resulted from Prosecutor and Ct. Appt.d. Counsel deliberate Suppression of all Discovery and Knowingly Use of perjured testimony which cause a domino effect of all other grounds raise on Rule 61 P.C.R. APPEAL under Brady v. Md. (See Addition Page)

7.  **Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** Yes. The Ct. knows my constitutional rights have been Violated and that I have exhausted all state remedies and the record shows all Courts have upheld my Conviction that was obtain by Prosecutor's deliberate Suppression of all Discovery and Knowingly Use of perjured testimony and the Sup. Ct. of the U.S. does not Uphold such Convictions that were procedurally barred defaulted Brady v. Md. 373 U.S. 83, 83 S.Ct Claim raised before trial begin and on Rule 61 PCR APPEAL- *(See Additional Page)

Additional page For Quest #4:

Where, we held that when a federal habeas Petition has been dismissed without prejudice for failure to exhaust state remedies, a petitioner, after exhausting his state remedies, need not apply to the Court of Appeals for authorization to file a federal habeas action, but may file his Petition in the District Court as if it were his first such filing.

In setting forth the preconditions for issuance of a COA under §2253 (C) Congress expressed no intention to allow trial Court to bar vindication of Substantial Constitutional rights on appeal.

Additional page For Quest #5:

are upholding procedurally barred and defaulted Brady v. Maryland claims raised before trial begin and raised on Rule 61 Post Conviction and P.C.R. Appeal. "When Prosecution fails to disclose material excupatory evidence in Violation of Brady rule, Post Conviction Relief cannot be Procedurally barred, as a Brady Violation undermines the fairness of the Proceeding leading to the Judgment of Conviction. (Super. Ct. Crim. Rule 61 (1)(3)).

Additional page for Ques.# 6

Ground #1: Prosecutor and deft. Counsel Suppressed all D.A.G. DISCOVERY Obstructing defts. defense And. Ground 3: Prosecutor lead three State witnesses to Perjury against facts and Prior statements. Relief of "Mooney v. Holohan, 294, U.S. 103, 55. S.Ct. 340, 79 L.Ed, 791." Petitioners Papers are inexpertly drawn, but they do set forth allegations that his imprisonment resulted from Perjured testimony knowingly used by state authorities to obtain his Conviction, and from the deliberate Suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution and, if proven would entitle Petitioner to release from his present Custody.

( continued on back of page)

See Additional Pages for Questions 8, and 9

8. **What action do you want this court to take in your case?** A reverse of the DENIED order

a remand to U.S. Distr. Ct. for a C.O.A. Supported by Case law Christy v. Horn 115. F. 3d. 201, 208 (3d. Cir. 1997) that "BROWN" pet. 28§ 2254 (a) (d) (1) is not a second or Successive 28§ 2254 and that "BROWN" exhausted his state remedies and case law of Clemmons v. Delo, 124 F. 3d 944, BRADY v. Md. 373 US. 83, 83 S. Ct. 1194, Williams v. Taylor, 529, U.S. 362, 120, S. Ct. 1495, and many other case Support BROWN release from Custody.

9. **Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies?** 4/1/98 St. of De. v. BROWN #9705011656 before trial begin Brady v. Md claim was raised D.A. + Def. Counsel Suppressed all D.A.G. Discovery result 20yr. conviction level 5, Sent. Ct. Appt. Counsel refuse "BROWN" request to raise Brady claims and perjury on direct Appeal. was filed on 6/10/98 BROWN v. State of De. #242, 1998 Affirm on 3/15/99 To challenge the 3/15/99 AFFIRM ORDER Pet. 28§ 2254 BROWN v. SNYDER 99-730-JJF was filed on 11/1/99 DENIED on 3/9/01 No prophylactic measure was ever given as mandated in U.S. v. Miller, 197 F. 3d 644 (C.A.3. (PA) 1999), There after Rule 61 P.C.R. was filed on 12/14/01 BROWN v. State of De. #9705011656 raising Brady claim and perjury claims Ineff. Asst. of Coun. claims and trial Ct. was in error for not instructing Jury on law of Accident provisions of 11. Del. C. 302(b), 531, 613, 636 (See Cont. on Bottom)

_Sept. 19, 2005_ _____    _James Brown a/k/a Edward W Williams_ _____
Date                          Signature

and F.R.E. rule 103 (d) 28 U.S.CA and Confrontation Violations etc., all barred/defaulted on Rule 61 P.C.R. + Memorandum DENIED on 7/30/02 mailed on 1/13/03 BROWN v. State of De. Nos. 31, 57, 2003 Rule 61 P.C.R. APPEAL was filed on 2/3/03 and Affirmed on 6/24/03. BROWN C.A. 04-1160 applic. to file a Second or Successive Pet. 28§ 2254 was filed on 1/21/04 and 3/11/04*

COA-1 Application for Certificate of Appealability 1/99 (*due to being lost in USmail Page 4 Delivery.)

and DENIED on 4/8/04 and Pet. En Banc DENIED on 10/4/04 Writ for Certiorari - BROWN v. CARROLL No. 7997 was filed on 11/29/04 and DENIED on 3/7/05 and Pet. for Rehear., was DENIED on 5/31/05 in Sup. Ct. of U.S. Pet. 28§ 2254 was then filed on 7/6/05 and Denied on 8/31/05 BROWN v. CARROLL-05-440-JJF.

Additional page for Quest. #8 :

"Petitioners Papers are inexpertly drawn, but they do set forth allegations that his imprisonment resulted from Perjured testimony Knowingly used by state authorities to obtain his conviction, and from the deliberate Suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if proven would entitle Petitioner to release from his present Custody." Citing: "Mooney v. Holohan, 294, U.S. 103, 55, S.Ct. 340, 79, L.Ed, 791."

"The initial question, though, is not whether there was cause to excuse a precedural default in the first place. In other words did "BROWN" fairly present his Brady claim in the State Courts? citing: "Clemmons v. Delo, 124, F. 3d 944."

*The actions of these two cases I would appreciate if the Court would apply to my Case with Brady v. Maryland case law."

Additional page for Quest. #9:

"State of De. v. JAMES BROWN, ID No. 9705011656" Brady was raised before trial begin. Ct. Apptd. Counsel refused to raise Brady on direct Appeal. Forced BROWN to raise Brady on P.C.R. rule 61. (BROWN v. State of De, #242, 1998 - cite as 734 A.2d 157, 1999 WL 504315 (Del. Supr.)), Appeal filed 6/10/98 Affirm on 3/15/99) To challenge the 3/15/99 Affirm Order of BROWN v. State of De. #242, 1998 Ct. Apptd. Coun. told "BROWN" to file Pet. 2882254 on 11/1/99 "BROWN v. SNYDER 99-730JJF-WL-343684". DENIED ON 3/9/01. There after BROWN v. State of De. #9705011656 Rule 61 P.C.R was filed 8/30/01 and DENIED on 7/30/02 procedurally barring and defaulting Brady v. Maryland Violations, Rule 61 P.C.R. APPEAL was filed on 2/3/03 "BROWN v. State of De. Nos. 31, 57, 2003 Affirm on 6/24/03 - also procedurally barring defaulting Brady v. Maryland Violation
( continued on other side)

## CERTIFICATE OF SERVICE

I hereby certify that on ___9 /19/2005___ I mailed a copy of
(date)
the Certificate of Appealability: ] TO challenge 8/31/05 DENIED ORDER OF Pet.28§2254
BROWN V. CARROll-05-440-JJF to U.S. COURT OF APPEALS 3. Circuit,
by giving to Correctional officer i, at  D.C.C. SMYRNA     _|

1181 PADDOCK RD. SMYRNA, DE, 19977 , the last known address,
by way of United States mail or courier.


___Sept. 19, 2005___     _(James Brown alice Edward-Williams_
Date                        Signature     SBI# 350587

7. Are there any other reasons why the district court's judgment was wrong? __Yes.__
If so, briefly state these reasons. For not appointing Counsel who could legally explain the denial of Constitutional Violations that the distr. ct. refuse to see Suppression of all D.A.G. Discovery Reply and Perjured testimony used to Convict the Accused are major denial of the Accused Constitutional rights and were raised before trial begin Brady v. Md Suppression of all Discovery Accused exhausted all remedies and raised Brady on Rule 61 + PCR APPEAL which Brady was bar this is why Pet. 28§2254 (a)(d)(1) was filed.

8. What action do you want the Court of Appeals to take in this case? I want the Court to appoint Counsel and Grant a C.O.A. and have evidenliary hearing where the evidence of Suppression of all Discovery And perjury can be shown that since 4/1/98 trial date the accused has been trying to seek Justice on and it has been barred and defaulted on rule 61 P.C.R. Appeal and on the 8/3/05 —James Brown SBI#00587 Pet. 28§2254 DENIED Pet. "BROWN" after Showing evidence of conviction obtain by Suppress.o'all Discov. and perjured testimony, requests release from Custody." (MOONEY v. Holohan, 294 U.S.) (103, 55 S.Ct. Case LAW.)

You may attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Please keep in mind that the entire district court record is transmitted to the court of appeals and is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND TEN (10) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF

**SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**

To. U.S. C.A. 3. Cir.

U.S. Distr. Ct. For Distr. of DE.

- STATE ATTN. GEN. JANE BRADY

1. Copy of Docket entry of BROWN v. CARROLL 05 440 JJF 7/6/05
2. Copy of 8/31/05 DENIED ORDER
3. Copy of Pet. 28§2254 that was filed on 7/6/05
4. Copy of Pet. 28§2254 Memorandum that was filed
5. Copy of Appendix that was filed to assist in showing evidence that the Pet. 28§2254 and its Memorandum contain in its grounds " The Appendix is BROWN v. St. of De, 3/57, 2003.

# PROOF OF SERVICE

I certify that on _9/19/05_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

U.S. Ct. oF App. 3 Cir. 21400 U.S. COURT HOUSE, 601 Market St.
PHiladelphia, Pa, 19106-1790

U.S. Distr. Ct. For Distr. oF DE : 844 N. KING St. Wilm, DE, 19801-3570

STATE ATTN. GEN. JANE BRADY  DEPT., oF Justice :
8 2N. FRENCH St. Wilm., DE. 19801

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _9/19/05_ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_James Brown aka Edward X. Williams_
**Signature**
( SBI# 350587 )

Dated: _Sept. 19, 2005_

*O:\FORMS\Briefs-Appendix\Informal Brief Questionnaire.wpd*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES BROWN a/k/a          :
EDWARD X. WILLIAMS,        :
                           :
          Petitioner,      :
                           :
v.                         :    Civil Action No. 05-440-JJF
                           :
THOMAS CARROLL,            :
Warden,                    :
                           :
          Respondent.      :

## O R D E R

In November 1999, Petitioner James Brown (a/k/a Edward G. Williams) filed his first Application for federal habeas relief challenging his 1998 conviction and 20 year sentence.  He alleged that: (1) there was insufficient evidence to find him guilty of first and second degree assault; (2) if the underlying felonies were not legally supported, then the two counts of using a deadly weapon in the commission of a felony could not be supported; and (3) the Superior Court judge committed plain error by failing to declare a mistrial after the jury foreperson expressed concerned over delivering the jury's verdict.  Brown v. Snyder, 2001 WL 34368417, at *1, 2 (D. Del. Mar. 9, 2001).  The Court denied Petitioner's first Application.  Id. at *4-5.

On June 27, 2005, Petitioner instituted the present action seeking federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  (D.I. 2.)  Petitioner's current Application also
challenges his 1998 conviction and sentence, asserting that: (1)
defense counsel and prosecutor suppressed the D.A.G. discovery,
thereby obstructing Petitioner's defense; (2) he was denied the
right to confront an accuser; (3) the prosecutor permitted three
state witnesses to commit perjury; (4) prosecutorial misconduct
due to suppression of favorable evidence; and that the Delaware
state courts committed errors in formulating and applying law by
finding his Brady claim procedurally defaulted and in finding his
jury instruction claim procedurally defaulted.  (D.I. 1; D.I. 4.)

    Pursuant to § 2244(b)(1) of the Antiterrorism and Effective
Death Penalty Act, ("AEDPA"), if a habeas petitioner erroneously
files a second or successive habeas petition "in a district court
without the permission of a court of appeals, the district
court's only option is to dismiss the petition or transfer it to
the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v.
Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  A habeas application
is classified as second or successive if a prior application has
been decided on the merits, and the prior and subsequent
applications challenge the same conviction.  C.f. Slack v.
McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in
the district court after an initial habeas petition was
unadjudicated on the merits and dismissed for failure to exhaust
state remedies is not a second or successive petition").

2

Here, both of Petitioner's § 2254 Applications challenge the
same 1998 conviction and sentence.   The Court denied Petitioner's
first Application on the merits.[1]   Thus, Petitioner's new
Application is a second or successive application within the
meaning of 28 U.S.C. § 2244.

The record is clear that Petitioner has not obtained leave
from the Court of Appeals for the Third Circuit to file his new
Application.   In fact, Petitioner applied for such permission in
January 2004, the Court of Appeals for the Third Circuit denied
the request in April 2004, and the United States Supreme Court
denied his petition for a writ of certiorari in May 2005.   See
generally D.I. 1 at ¶¶ 11, 12; In re Brown, C.A. 04-1160 (3rd
Cir.).   The Court will therefore dismiss Petitioner's new
Application pursuant to 28 U.S.C. § 2244(b)(3) for lack of
jurisdiction.

---

[1]The Court denied Petitioner's jury partiality claim as
procedurally barred due to his procedural default of the claim in
the state courts.   In accord with other circuits, the Third
Circuit views a dismissal for a procedural default as an
adjudication on the merits for the purpose of determining whether
a subsequent habeas application is successive or second.   See
Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb.
10, 2005)(collecting cases);   Rauso v. Pennsylvania Board of
Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20,
2004)(in denying petitioner's § 2244 motion for leave to file a
second or successive habeas petition, the "Third Circuit noted
that the prior habeas petition had been dismissed for procedural
default and that procedural default is a dismissal on the merits
for purposes of requiring leave to file an application to file a
second or successive habeas petition.").   The Court denied
Petitioner's insufficient evidence claims on the merits for not
satisfying the standard in 28 U.S.C. § 2254(d)(1).

THEREFORE, at Wilmington this _31_ day of _August_, 2005;
IT IS ORDERED that:

      1.  Petitioner James Brown's Application for Habeas
Corpus Relief filed pursuant to 28 U.S.C. § 2254 is DISMISSED and
the writ is DENIED.  (D.I. 1.)

      2.  Petitioner's Application to Proceed In Forma
Pauperis is GRANTED.  (D.I. 1; D.I. 2.)

      3.  Petitioner's Motion for the Appointment of Counsel
is DENIED as moot.  (D.I. 5.)

      4.  Petitioner has failed to make a "substantial
showing of the denial of a constitutional right," 28 U.S.C.
§ 2253(c)(2), and a certificate of appealability is not
warranted.  See United States v. Eyer, 113 F.3d 470 (3d Cir.
1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

      5.  Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the
Clerk shall forthwith serve a copy of the Application and this
Order upon: (1) the above-named Warden of the facility in which
Petitioner is housed; and (2) the Attorney General for the State
of Delaware.

      6.  The Clerk shall also send a copy of this Order to
the Petitioner at his address on record.

United States District Court

4

**Affidavit accompanying Motion for**
**Permission to Appeal In Forma Pauperis**

United States District Court for the  District  of  DELAWARE

THOMAS CARROll, WARDEN
APPELLE,

v.

JAMES BROWN a/k/a Edward x. Williams
SBI#350587, APPELLANT.

D.C. Case No.  05-440-JJF

Third Cir. No. _____

---

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that,
because of my poverty, I cannot prepay the
docket fees of my appeal or post a bond for
them. I believe I am entitled to redress. I sear or
affirm under penalty of perjury that my answers
on this form are true and correct. (28 U.S.C. §
1746, 18 U.S.C. § 1621)

Signed: *James Brown aka*
*Edward X. Williams*
SBI#350587

**Instructions**

Complete all questions on this application and
then sign it. Do not leave any blanks. If the
answer to a question is "0," "none," or "not
applicable (N/A)," write in that response. If you
need more space to answer a question or to
explain your answer, attach a separate piece of
paper identified with your name, your case's
docket number, and the question number.

Date:  9/19/05

---

**My Issues on Appeal are:** 1: Is Distr. Ct. Denial of Writ recharaterize as Second or Successive 28§2254 error? that's filed to challenge Affirm Order of Rule 61 P.C.R. APPEAL that barred and defaulted Brady v. Maryland claims after exhaust-ing State remedies? #2: Is denial of pet. 28§2254 that shows denial of Constitutional rights error? when Distr. Ct denies it as not showing denial of Constitutional rights of which Suppression of all Discovery and perjured testi-mony to convict are denial of Constitutional rights. 3: Is Distr Ct in error for using lack of Jurisdiction to not address Pet. 28§2254 that meets standards of 28§2254 (a) (d) (1) and 28§2253 (c) 4: Whether Cts are in error for barring defaulting Brady v. Md. claims raised before trial begin and on P.C.R rule 61 and APPEAL 5: whether Cts are in error for barring defaulting Jury instruction on law of accident provisions of 11 Del C. 302 (b) 531, 613,636 And Provisions of FRE. rule 103 (d) 28 USCA when evidence warrant it.

1.       For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts. that is, amounts before any deductions for taxes or otherwise.

| INCOME SOURCE | AVERAGE MONTHLY AMOUNT DURING THE PAST 12 MONTHS | AMOUNT EXPECTED NEXT MONTH |
|---|---|---|
| | You | You |
| Employment | $ | $ |
| Self-Employment | $ | $ |
| Income from real property (such as rental income) | $ | $ |
| Interest and Dividends | $ | $ |
| Gifts | $ | $ |
| Alimony | $ | $ |
| Child Support | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ |
| Unemployment payments | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ |
| Public Assistance (such as welfare) | $ | $ |
| Other (specify): _____ | $ | $ |
| Total monthly Income | $ | $ |

2

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| | | | |
| | | — | — |
| | | | |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $_____

Below, state any money you or spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement for each account.

3

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle # 1 (Value) |
|---|---|---|
| | | Make & year: |
| | | Model: |
| | | Registration # : |

| Motor Vehicle # 2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: | | |
| Model: | | |
| Registration # : | | |

6. State every person, business or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | | |
| | | |
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

4

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your Spouse |
|---|---|---|
| Rent or Home Mortgage (Include lot rented for mobile home) Are real estate taxed included? • yes • no Is property insurance included? • yes • no | $ 0 | $ 6 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ 6 |
| Home maintenance (repairs and upkeep) | $ 0 | $ 0 |
| Food | $ 0 | $ 0 |
| Clothing | $ 0 | $ 0 |
| Laundry and dry-cleaning | $ 0 | $ 0 |
| Medical and dental expenses | $ 0 | $ 0 |
| Transportation (not including motor vehicle payments) | $ 0 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ 0 |
| Insurance (not deducted from wages or included in mortgage payments) | $ 0 | $ 6 |
| Homeowners or renters | $ 0 | $ 0 |
| Life | $ 0 | $ 0 |
| Health | $ 0 | $ 0 |
| Motor Vehicle | $ 0 | $ 0 |
| Other: _____ 0 | $ 0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments)(specify): _____ 0 _____ 0 | $ 0 | $ 0 |

5

|                                                                 | You       | Your Spouse |
|-----------------------------------------------------------------|-----------|-------------|
| Installment payments                                            | $ 0       | $ 0         |
| Credit Card (name): 0                                           | $ 0       | $ 0         |
| Department Store (name):                                        | $ 0       | $ 0         |
| Other: 0                                                        | $ 0       | $ 0         |
| Alimony, maintenance and support paid to others                 | $ 0       | $ 0         |
| Regular expenses for operation of business or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): 0                                              | $ 0       | $ 0         |
| **Total monthly expenses:**                                     | $ 0       | $ 0         |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   • Yes    ( No )    If yes, describe on an attached sheet.

10. Have you paid _____ Or will you be paying _____ an attorney any money for services in connection with this case, including the completion of this form?

   • Yes    ( No )    If yes, how much? $ 0

If yes state the attorney's name, address and telephone number:

_____

_____

_____

6

11. Have you paid _____ Or will you be paying _____ anyone other than attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

· Yes    (No)    If yes, how much? $ _____ 0

If yes state the person's name, address and telephone number:

_____

_____

_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

Im certified disabled but my SSI checks were discontinued due to my incarceration, Im physically disabled.

13. State the address of your legal residence.    D.C.C. ··

___ 1181 PADDOCK RD. SMYRNA, DE 19977

(JAMES BROWN a/k/a EDWARDX Williams SBI#350587)

Your daytime telephone number: (___) _____

Your age: ___ 48 ___    Your years of Schooling: 12 Grade Graduate + some com. college

Your social security number: ___ 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 ___    education.

Rev: 3-23-99

7