Page 2                                    1

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Exhibit 1 to
05-440

| United States District Court | District of the State of Delaware |
|---|---|
| Name (under which you were convicted): JAMES G. BROWN AKA EDWARD X. Williams | Docket or Case No.: 05-440 JJF   ID NO. 9705011656 |
| Place of Confinement: Delaware Correctional Center 1181 PADDOCK ROAD SMYRNA, DELAWARE 19977 | Prisoner No.: SBI# 00350587 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMES G. BROWN AKA EDWARD X. Williams  v. | WARDEN, Thomas L. Carroll, |
| The Attorney General of the State of Delaware JANE BRADY | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
Superior Court of the State of Delaware for New Castle County,

(b) Criminal docket or case number (if you know): _____ ID NO. 9705011656

2. (a) Date of the judgment of conviction (if you know): _____ 04/02/98

(b) Date of sentencing: _____ 05/08/98

3. Length of sentence: _____ 20 years, and 6 months T.I.S.

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____ Assault 1st degree,
Assault 2ND degree, Two counts of PFDCF, TRF. COC. 5-50 GRAMS, PWITD,
Control Substance II, and Resisting Arrest, and CCDW.

6. (a) What was your plea? (Check one)

(1)   Not guilty ☑        (3)   Nolo contendere (no contest) ☐

(2)   Guilty ☐             (4)   Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
charge, what did you plead guilty to and what did you plead not guilty to? _____ I plea not
guilty to all charges.

(c) If you went to trial. what kind of trial did you have? (Check one)

Jury ☑️    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑️  No ☐

8.  Did you appeal from the judgment of conviction?

Yes ☑️  No ☐

9.  If you did appeal, answer the following:

(a) Name of court: SUPREME COURT OF THE STATE OF DELAWARE

(b) Docket or case number (if you know): BROWN V. STATE OF DELAWARE # 242, 1998

(c) Result: ORDERED AFFIRMED

(d) Date of result (if you know): 03/15/99

(e) Citation to the case (if you know): 734 A.2d 157, 1999 WL 504345 (Del. Supr.)

(f) Grounds raised: ¹Taking the evidence in the light most favorable to the state, no rational trier of fact could have found appellant guilty beyond a reasonable doubt of assault in the first and second degrees. 2. Upon reversal of the con--victions for assault first and second degree, the Court must also reverse the con--victions for Possession of a fire arm during the commission of a felony. "(Ground#3 Continued on additional Page for question #9 (f) see attached) Pg.3.

(g) Did you seek further review by a higher state court?    Yes ☑️  No ☐

If yes, answer the following:

(1) Name of court: U.S. District Court for the District of the State of Delaware

(2) Docket or case number (if you know): #99-CV-730 "BROWN v. SNYDER" et. al."

(3) Result: Denied Writ of Habeas Corpus, DENIED Evidentiary Hearing, DENIED Certificate of Appealbility." (continued on additional page attached)"

(4) Date of result (if you know): 03/09/01

(5) Citation to the case (if you know): 2001 WL 34363417 (D.DEL) "BROWN v. SNYDER"

(6) Grounds raised: ¹Taking evidence in the light most favorable to the state, no rational trier of fact could have found appellant guilty beyond a reasonable doubt of assault in the first and second degrees."(see continuance of ground #2 and #3 on additional page attached, thank you)"

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑️  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): "BROWN v. Warden Carroll, NO. 04-7997"

3

"ADDITIONAL PAGE #3"
"(Ground #3 of Question #9 (f) of page #3 of Petition 28§2254)"

3). Juror number one's actions denied appellant his sixth admendment right to a fair trial and an impartial Jury and his fourteenth admendment to due process. ("BROWN v. State of Del. Supr. Ct. #242, 1998") Court appointed Counsel raised those three grounds. But refused to raise Brady rule violations that accused "BROWN" raised before Jury trial begin in Super. Ct., State of Del. v. BROWN — ID. NO. 9705011656 date 4/1/98 transcript of trial record pages 2:1:23 and page 3:1:15. The trial proceeded with out any discovery ever given to the accused "BROWN". Counsel refused to raise Brady as BROWN requested on direct appeal.

"Question #9 (g) of page #3 of Petition 28§2254"
Ct. Appt'd. Counsel told me to file 1st Pet. 28§2254 against the AEFirm Order BROWN v. State of Del. #242, 1998 stating his three ground raised on direct appeal are supported by federal case law.

"Continuance of #6 grounds raised of pg. 3 of Pet. 28§2254"
#2 and 3 of "BROWN v. SNYDER 99-CV-730" U.S. Distr. Ct. of Del.
#2). Upon reversal of the Convictions for assault first and second degree, the Court must also reverse the convictions of Possession of a firearm during a commission a felony. And #3). Juror number one's actions denied appellant his sixth admendment right to a fair trial and impartial Jury and his fourteenth admendment right to due Process. "Denied with No Prophylactic Warning under "AEDPA" ever given".

Page 4

(2) Result: DENIED on March 7, 2005, Petition for Rehearing was DENIED on May 31, 2005

(3) Date of result (if you know): 03/07/05 and 05/31/05

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions. applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Super. Court of the State of Delaware, New Castle Co.,

(2) Docket or case number (if you know): "BROWN v. State of Del. ID No. 9705011656"

(3) Date of filing (if you know): 05/13/01, 10/22/02 and 12/19/01

(4) Nature of the proceeding: "POST CONVICTION RELIEF Super. Ct. Crim. Rule 61."

(5) Grounds raised: #1. Counsel + Prosecutor Suppressed the D.A.G. Discovery Obstructing defendant's defense. #2: Denied a right to confront a Accuser, Witness Arresting Officer Micheal J. Duckett. #3: Prose--cutor lead three State Witness to Perjury against facts and Prior Statements. #4: SUPPRESSION of Favorable Evidence, Prosecutorial Misconduct. #5: Illegal Search and Seizure, Defendant Fourth Admendment right Violated. #6: Ineffective Assistance of Counsel for refusing to file Pretrial Motions in Defense of Defendant "BROWN"
* ("Grounds raised Continued on Additional Page Attached Ques. #11 (a) #5.")

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No ☑

(7) Result: DENIED on 7/30/02 late notified on 1/13/03, after asking about it.

(8) Date of result (if you know): July 30, 2002 decided, mailed to me on Jan. 13, 2003.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPREME COURT OF THE STATE OF DELAWARE

(2) Docket or case number (if you know): "BROWN v. STATE OF DEL. Nos. 31, 57, 2003"

(3) Date of filing (if you know): January 23, 2003 (#31, 2003) and Feb. 5th 2003 (#57, 2003)"

(4) Nature of the proceeding: Super. Ct. of the St. of Del. POST CONVICTION Relief Appeal."

(5) Grounds raised: #1: Counsel + Prosecutor Suppressed the D.A.G. Discovery Obstructing defendants defense. #2: Denied a right to Confront a Accuser, Witness Arresting Officer Micheal J. Duckett. #3: Prosecutor lead three State Witness to Perjury against facts and prior statements. #4: SUPPRESSION OF FAVORABLE EVIDENCE, PROSECUTORIAL Misconduct. #5: Illegal Search and Seizure, Defendant forth Admendment right violated. #6: Inefft. Asst. of Coun., for refusing to file Pre-trial Motions in defense of deft., #7: Inefft. Asst. of Coun. for inferring that defendant is guilty to Jury. #8: Inefft, Asst. of Coun. for not invoking Sequestration Order

ADDITIONAL PAGE#4                                     5

Continued Grounds raised #11.(a) #5 of page 4 of Pet. 28§2254 :
#7. Inefft, Asst. of Counsel for inferring that deft., is guilty
to jury. # 8. Inefft. Asst. of Coun. for not invoking Seques-
tration Order deft., requested.  #9 Deft., forced to trial
in Prison GARB, Prosecutor had defendant brought in front of
of fifty one member Jury Panel before trial and Voir Dire be-
gin to Pick a jury from Said Panel, Prejudice deft., as a
Convicted prisoner before the Honor arrived. #10. Inefft,
Assistance of Counsel for not filing motion in "LIMINE" to exclude
illegal references to the gun and Cocaine with no "legal
nexus" to the alleged offenses in the Indictment.
# 11. Ineffective Assistance of Counsel for failing
to Subpoena the Arresting Officer Micheal J. DUCKETT
listed in Count Eight of the Indictment, Resisting-
Arrest, denied a right to confront Accuser. Court
appointed Counsel also failed to Subpoena "Kevin Britt"
on his behalf   #12. Trial Court failure to give Jury in-
struction on law of accident when evidence warranted
Such instruction. (provision "11 Del.C§§ 302 (b) 531,
613, 636 F.R.E. rule 103 (d), 28 U.S.CA").    Court is
response claim this #12 ground was not raised
in P.C.R. rule 61 Motion which it was raised in
the Post conviction relief Motion. Rule 61 Case
Law Memorandum both sides of page# 35
" BROWN v. State of Del. I.D. NO. # 9705011656"
"The motion For P.C.R was denied on 7/30/02 and mailed
to "BROWN" on January 13, 2003 seven months late."

𝓕

Page 5

deft., requested. #9: Deft., forced to trial in Prison GARB, Prosecutor had deft., brought in front of fifty Member Jury Panel before trial and voir dire begin to PICK a jury from said Panel prejudice deft., as a Convicted Prisoner before the Honor arrived. #10: Inefft. Asst. of Counsel for not filing motion in "LIMINE" to exclude illegal references to the gun and Cocaine with no "legal nexus" to alleged offenses (continued on Additional page)*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☑

(7) Result: Brady was Precedurally Barred defaulted on PGR.61 Appeal

(8) Date of result (if you know): "Ordered AFFirmed on June 24, 2003"

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: United States Court of Appeals For The Third Circuit

(2) Docket or case number (if you know): "BROWN, 3rd Cir., No. 04-1160"

(3) Date of filing (if you know): Jan 21, 2004 / with Memorandum LAR.22(b) and see #(4) below

(4) Nature of the proceeding: Motion 28§2244 request to file 2nd or Successive Pet. 28§2254

(5) Grounds raised: "Prosecutorial Misconduct in a state Criminal proceeding will be grounds for a Writ of Habeas Corpus unless the Prosecution Can show that error was harmless beyond a reasonable doubt." And all grounds raised on, in the PGR. rule 61 Appeal a result of Brady rule Violations deliberate Suppress-ion of all Discovery by trial Prosecutor and Prosecutor Knowingly use of Perjured testimony to obtain a Conviction of "BROWN" shows "BROWN" is in Custody in Violation of the U.S. Constitution, a grant to file a Second or success-ive Writ of Habeas Corpus to challenge the AFFirm Order 6/24/03 of BROWN vs. State of Del, Nos. 31,57, 2003 PCR Appeal (see Additional page for all grounds raised):

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☑

(7) Result: Denied on 4/08/04, Petition EnBanc was DENIED with out a vote: 10/04/04

(8) Date of result (if you know): 04/08/04    and    10/04/04

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑  No ☐

(2) Second petition:    Yes ☑  No ☐

(3) Third petition:    Yes ☑  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

On the first Petition 28§2254 I was DENIED, And DENIED Evidentiary hearing and DENIED A Certificate of Appealibility and no Prophylactic Warning was given to petitioner "BROWN" under "AEDPA" see "BROWN v SNYDER --- CV. Act. 99-730 DENIED on 03/09/01 I did not Know I could appeal all three DENIED orders of petition 28§2254, DENIED Evidentiary Hearing and a Certificate of Appealibility will be DENIED, so I went forward on Rule 61.

7

"ADDITIONAL PAGE # 5 top of page"

"Continueance of page # 4 #5 Grounds raised continued on page #5" in the Indictment. #11. Ineffective Assistance of Counsel for failing to Subpoena the Arresting Officer Micheal J. DUCKETT listed in Count Eight of the Indictment Resisting Arrest, denied a right to Confront Accuser. Court Appointed Counsel failed to Subpoena a defense Witness "Kevin Britt" on his behalf. And # 12. trial Court failure to give jury instruction on law of accident when evidence warranted such instruction, resulted in plain error. Provisions: 11 Del. C. §§ 302 (b) 531, 613, 636 F. R. E. rule 103 (d) 28 U.S.C.A. Court's (Super. and Supr. of the State of Del.) DAG reply States # 12 ground was not raised in rule 61 post conviction relief motion by both Courts failure to review "BROWN'S" rule 61 Case law memorandum both sides of page 35 with its evidence of Accident.

"Continueance of Grounds raised of page # 5 Question # 5: Same grounds raised on rule 61 and rule 61 Case law memorandum Post conviction Relief especially Prosecutorial Misconduct in a State Criminal proceeding will be grounds for a Writ of Habeas Corpus unless Prosecution can show that error was harmless beyond a reasonable doubt. See same Grounds of PCR raised in 20 page Memorandum LAR. 22.5 (b) of "BROWN CA. 3 Cir. NO. 04-1160"

" Continued for page# 5 Grounds raised Ques.#5"
GROUNDS RAISED IN MEMORANDUM LAR 22.5 (b) Petition For leave to
File a Second or Successive Petition 28§2254 by way of 28§2244 :    8

Ground 1: Whether Super. Ct. and Supr. Ct. of the State of
Del., committed an error in formulating and applying the law
when both Courts Procedurally barred, defaulted Brady Claim
and other grounds raised in P.C.R. Rule 61 Motion.

Ground 2: Whether Super. Ct. and Supr. Ct. Del. committed an
error in formulating and applying the law when both Courts
Denied P.C.R. Rule 61 on issue "Trial Court was in error
for failing to instruct Jury on the law of accident when
evidence warranted it. Both Courts refused to
review issue and evidence on both sides of page#
35 of "BROWN" P.C.R. Rule 61 Case Law Memorandum.
See "BROWN v. State of Del. ID.NO.9705011656" and pages
#18,#19 and #20 of "BROWN C.A. 3. Cir. NO.04-1160 —
Memorandum LAR. 22.5. (b)

" (See Additional page above are the
grounds raised in Answer to page 5(C)(1)(2)(3)(4)(5))"
" Was Lost in U.S. Mail on date: 1/16/04 "
This Petition Application to file a Second or Successive
habeas Corpus was lost in the U.S. mail so "BROWN" had
to recopy all transcript of trial record and motion.
28§2254 & 28§2244 Briefs Appendix and all DENIED
Orders to remail to U.S. C.A. 3. Cir. "BROWN NO. 04-1160"
And Memorandum LAR 22.5. (b) was all Denied on 4/8/04
Pet. EnBanc was Denied on 10/4/04 Certiorari was than filed
Found torn up legal Mail in U.S. Post office on 1/21/04.

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: Counsel + Prosecutor Suppressed the DAG DISCOVERY OBSTRUCTING DEFENDANT's Defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant Inform Court of Suppression. Counsel denies it and admits it (A-1) trial record 4/1/98 page 2:1:23 and (A-2) tri. rec. 4/1/98 pg. 3:1:15 Counsel false claims that Prosecutor didn't Supply him with Jencks is Shown when Counsel gives Jencks to Prosecutor (A-3) tri. rec. 4/1/98 pg. 87:12:19. Deputy Attorney General mailed Discovery to Counsel of Record See Prothonotary file + docket sheet (A-4) pg. 1 lines 2 + 3. Counsel claims he never had Jencks but mailed all Discovery to me on 6/24/99. Relief dismiss all Charges or New trial and evidentiary hearing.

(b) If you did not exhaust your state remedies on Ground One, explain why: I raised Brady on the first day of Jury trial see trial record 4/1/98 pg. 2:1:23 and pg. 3:1:15 before trial begin. Ct. Apptd. Coun. refused to raise it on Direct Appeal forced deft. to raise it on PCR Rule 61 + 2nd or Successive 28§2254 Pet. and Writ of Certiorari.

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Court Appointed Counsel refused to raise Dead Bang Winner Brady Claim on direct and told me to raise whatever I want to on Motion for Post Conviction Relief rule 61.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Super. Ct. Crim. Rule 61 POST CONVICTION Relief and CASE LAW MEMORANDUM.
Name and location of the court where the motion or petition was filed: Superior Court of the State of Del. and in for New Castle Co. Wilmington Delaware

Page 7

Docket or case number (if you know): "BROWN v. State of Del. ID NO. 9705011656"

Date of the court's decision: 7/30/02 was'nt notified until January 13, 2003

Result (attach a copy of the court's opinion or order, if available): DENIED, Brady rule vio-
lation was procedurally Barred, defaulted on PCR rule 61 deliberate Su-
-ppression of all Discovery + Perjurious testimony result of conviction.

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of the State
of Delaware, Dover, Delaware

Docket or case number (if you know): "BROWN v. State of Del. Nos. 31, 57, 2003 (Consolidated)

Date of the court's decision: June 24, 2003

Result (attach a copy of the court's opinion or order, if available): Ordered Affirmed pro-
-cedurally Barring Defaulting Brady rule Violation deliberate Suppression of
all Discovery + Perjurious testimony used by D.A. to convict "BROWN"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____
_____
_____
_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: I filed a motion
28 § 2244 + Pet. 28 § 2254 with a 20 page Memorandum LAR. 22.5 (b) in U.S.C.A.3 Cir.
request a grant to file a 2nd or Successive habeas Corpus against the 6/24/04
AFFIRM ORDER "BROWN CA. No. 04-1160 (3 Cir.) DENIED. And Writ Certiorari DENIED on May 31, 05.

GROUND TWO: DENIED a right to Confront a Accuser, Witness Arresting-
Officer Micheal J. DUCKETT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Officer DUCKETT arrested me, See Indictment (A-5) (A-6) tri. rec. 4/1/98 pg.
130: 13:23 + (A-7) pg. 131: 1:2. He was not at trial, (A-8) tri. rec. 4/1/98-
pg. 88: 17:23. Officer DUCKETT report say 911 radio said look for Suspect
Black male wearing a gray jacket (A-9) tri. rec. 4/1/98 pg. 89: 19:22. See
Deft's arrest polaroid pictures shows defendant never fit Suspect description
and shows illegal Search and Seizure took place. (A-10) tri. rec. 4/1/98 pg. 126: 10:13.
Officer DUCKETT Searched me and filed reports not Officer Harold Bozeman.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
Judge

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

January 13, 2003

James Brown AKA Edward Williams
SBI #00350587
Delaware Correctional Center
Smyrna, DE 19977

     RE:   State v. James Brown
           Criminal ID No. 9705011656

Dear Mr. Brown:

    Enclosed please find a copy of the Order I signed on July 30, 2002 denying your pro se motion for postconviction relief. The Order would have been mailed out to you at the address set forth on the cover page, and the Court has no obligation beyond mailing it to you.

    Regarding your appeal rights, I am not at liberty to give you legal advice, but I assume you would have to petition the Supreme Court to file your appeal out of time.

                     Sincerely yours,

                     Judge William C. Carpenter, Jr.

WCCjr:twp

cc:   Stuart Sklut, Esquire
      Prothonotary

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 9705011656 |
| | ) | |
| JAMES BROWN a.k.a. EDWARD | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 1, 2002
Decided: July 30, 2002

## ORDER

On Defendant's *Pro Se* Motion for Postconviction Relief.  Denied.

Stuart Sklut, Deputy Attorney General, Wilmington, Delaware 19801

James Brown a.k.a. Edward Williams, *pro se* Defendant, Department of Correction, Smyrna, Delaware

CARPENTER, J.

3.    While in the instant motion the Defendant has set forth eleven alleged separate claims as grounds for his motion, they appear to the Court to fit within five areas of alleged misconduct. Defendant first asserts a *Brady* violation, because "counsel and prosecutor suppressed the entire D.A.G. discovery reply" which allegedly obstructed Defendant's defense.[1] Second, Defendant claims he was denied a right to confront a witness.[2] Third, Defendant alleges that his conviction was the result of an illegal search.[3] Fourth, Defendant contends that his conviction was based upon false testimony.[4] Finally, Defendant's fifth claim asserts ineffective assistance of council.[5]

4.    Before addressing the merits of any claim raised in a motion seeking postconviction relief, this Court must first apply the rules governing the procedural requirements of Super. Ct. Crim. R. 61.[6]  Superior Court Criminal Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of Superior Court, is thereafter

---

[1] Defendant's January 14, 2002 Motion at 2.

[2] Defendant's January 14, 2002 Motion at 3.

[3] Defendant's January 14, 2002 Motion at 6.

[4] Defendant's January 14, 2002 Motion at 4-5.

[5] Defendant's January 14, 2002 Motion 7-12.

[6]*Bailey v. State,* 588 A.2d 1121, 1127 (Del. Super. 1991); *Younger v. State,* 580 A.2d 552, 554 (Del. Super. 1990) (*citing Harris v. Reed,* 489 U.S. 255, 265 (1989)).

a first hand account of the events and the other arresting officer's testimony would merely have been cumulative. It also appears that when the officers arrived at the scene the Defendant was identified by numerous witnesses as the shooter and as he ran from the police matched the description that had been provided over the radio as the individual with a gun. The Defendant refused to stop for the officers and they, together with the assistance of a civilian, had to physically restrain the defendant. It was in connection with this apprehension that the gun was discovered in the defendant's left coat pocket. Under these circumstances even if his counsel had filed a suppression motion it is unlikely that the facts would have supported suppression of the gun. Counsel is not required to file motions which he does not believe there is a good faith basis to support and his conduct here is not sufficient to support an ineffective assistance claim.

5.    Superior Court Criminal Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[9] Claims for postconviction relief, which are entirely conclusory may be summarily dismissed on that basis.[10]

---

[9] Super. Ct. Crim. R. 61(d)(4).

[10] *See e.g., State v. Brittingham*, Cr. A. No. IN 91-01-1009, Barron, J.(Del. Super. Dec. 29, 1994)(Order) at 3 (citing *Younger v. State*, 580 A.2d 552, 556 (Del. Super. 1990)(holding that

15

Defendant. Based upon the facts presented during trial, the court finds no basis to find

the pre-trial practice of the Defendant's counsel to be inappropriate or unreasonable.

Second, when a defendant is facing extremely serious charges and the evidence clearly

supports a conviction on other related charges, it is often an effective litigation strategy

to admit to some offenses while denying others. This allows the jury to focus on the

defense's arguments relating to the critical issues of those offenses which will result

in the greatest consequences to the Defendant. It appears this is exactly what occurred

here and the Court will not second guess this decision nor does it believe it was

unreasonable under the circumstances of this case. Next, the Defendant argues that

Detective Donovan should have been sequestered during the trial. Whether a potential

witness should be sequestered is a matter of judicial discretion and the Court finds no

prejudice to counsel's failure to request such action. It is also the Court's recollection

that Detective Donovan was the chief investigating officer and thus would routinely

be allowed to be present to assist in the prosecution. Finally, in the context of an

ineffective assistance argument the Court does not find his counsel's conduct to be

inappropriate nor would it affect the outcome of his case for the jury to observe the

Defendant in prison clothing. Clearly the Defendant was in custody being guarded by

two Correction officers during the trial. This judge finds arguments of prejudice under

such circumstances to be ridiculous. The Court also notes that when this matter was

7

IN THE SUPREME COURT OF THE STATE OF DELAWARE

2003 JUN 24  A 10: 57

| | | |
|---|---|---|
| JAMES G. BROWN, | § | |
| | § | |
| Defendant Below- | § | Nos. 31 and 57, 2003 |
| Appellant, | § | CONSOLIDATED |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr.A. Nos. IN97-05-1620 R3 |
| Plaintiff Below- | § | IN97-05-1624 R3- |
| Appellee. | § | 1627 R3 |
| | § | IN97-05-0255 R3- |
| | § | 0257 R3 |

Submitted: May 16, 2003
Decided: June 24, 2003

Before **VEASEY**, Chief Justice, **HOLLAND** and **STEELE**, Justices

## O R D E R

This 24th day of June 2003, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, James G. Brown, filed an appeal from the Superior Court's July 30, 2002 and January 13, 2003 orders denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.

(2)    In April 1998, Brown was found guilty by a Superior Court jury of Assault in the First Degree (as a lesser-included offense of Attempted

Murder in the First Degree), Assault in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Resisting Arrest, Trafficking in Cocaine, and Possession with Intent to Deliver Cocaine.  Brown was sentenced to 19 years and 6 months incarceration at Level V, to be followed by probation.  This Court affirmed Brown's convictions and sentences on direct appeal.[1]

(3)    In this appeal, Brown claims that: a) defense counsel and the prosecutor suppressed discovery; b) the arresting police officer was not called to testify, depriving him of his confrontation rights; c) the prosecutor led three witnesses to perjure themselves; d) the prosecutor stole his arrest photo from the trial evidence; e) he should not have been arrested because he did not fit the description of the suspect; f) the seizure of the gun and the cocaine was illegal; g) his counsel was ineffective for failing to file pretrial motions and motions in limine, suggesting his guilt to the jury, failing to request sequestration of the investigating officer, and failing to subpoena the arresting officer; h) he should not have been forced to wear prison clothing at trial; and i) the trial judge failed to instruct the jury on the law of accident.

---

[1]*Brown v. State*, Del. Supr., No. 242, 1998, Walsh, J. (Mar. 15, 1999).

(18)

(4)    Brown's claim of a discovery violation and his claim that he should not have been permitted to wear prison clothing at trial were both presented to the Superior Court as pretrial motions, both of which were denied.  Brown failed to assert either claim in his direct appeal.  Because these two claims were formerly adjudicated, they are procedurally barred unless reconsideration is warranted in the interest of justice.[2]  Based upon our review of the record in this case, including the transcript of trial, we conclude that reconsideration of these claims is not warranted in the interest of justice.

(5)    Because Brown did not assert claims b) through f) in the proceedings leading to the judgment of conviction, they are procedurally defaulted unless Brown can demonstrate cause for relief from the default and prejudice from a violation of his rights.[3]  Our review of the record in this case, including the transcript of trial, does not reveal any evidence supporting either cause for relief from the default or prejudice from a violation of any right of Brown.  Moreover, we find no evidence that the procedural bar

---

[2]SUPER. CT. CRIM. R. 61(i) (4).

[3]SUPER. CT. CRIM. R. 61(i) (3).

should be excused due to either a lack of jurisdiction on the part of the ⑲

Superior Court or a miscarriage of justice due to a constitutional violation.[4]

(6)    In order to prevail on his claim of ineffective assistance of

counsel, Brown must show that his counsel's representation fell below an

objective standard of reasonableness and that, but for counsel's unprofessional

errors, there is a reasonable probability that the outcome of the proceedings

would have been different.[5]  Although not insurmountable, the Strickland

standard is highly demanding and leads to a "strong presumption that the

representation was professionally reasonable."[6]

(7)    Our review of the record in this case, including the trial

transcript, reveals no basis for Brown's claim of ineffective assistance of

counsel.  Brown has failed to demonstrate that any error on the part of his

counsel resulted in prejudice to him.

(8)    Brown's final claim that the judge should have instructed the jury

on the law of accident was not presented to the Superior Court at trial, on

direct appeal or in his postconviction motion.  This Court will consider for

---

[4]SUPER. CT. CRIM. R. 61(i) (5).

[5]*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[6]*Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

-4-

review only those questions fairly presented to the trial court in the first instance unless review is required in the interest of justice.[7] Our review of the record in this case does not lead us to conclude that this claim should be reviewed in the interest of justice.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

---

[7]SUPR. CT. R. 8.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c)  Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Court Appt'd. Counsel refused
to mail me the transcript of trial record and did not raise Brady on direct appeal
which gave birth to this issue and Coun. mailed all Suppressed Discovery on 6/21/99.

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Super. Ct. Crim. Rule 61 Post Conviction Relief

Name and location of the court where the motion or petition was filed: Superior Court of
the State of Delaware in and for New Castle Co, W. Im. Delaware

Docket or case number (if you know): "BROWN v. State of Del. IDNO. 9705011656".

Date of the court's decision: 7/30/02 did'nt notify Me until January 13, 2003

Result (attach a copy of the court's opinion or order, if available): DENIED Brady and all the
grounds that result from the deliberate Suppression of all Discovery
without the Discovery I did not know who to Confront or what I was accussed of.

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF THE - -
State of Delaware, Dover, Delaware

Page 9    (22)

Docket or case number (if you know): "BROWN v. State of Del, Nos. 31, 57, 2003 (Consolidated)",

Date of the court's decision: June 24, 2003

Result (attach a copy of the court's opinion or order, if available): Ordered Affirmed procedu-rally barring Brady and defaulting all grounds resulting from the de-liberate Suppression of all Discovery + perjury used to Convict the Accused.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: I filed a 2nd or Successive habeas Corpus application in U.S.C.A. 3 Cir. With 20 pg. Memorandum - BROWN CA. NO. 04-1160 was Denied than I filed Writ of Certiorari BROWN vs. Carroll No. 04-7997 all to challenge the 6/24/03 Affirmed ORDER OF "BROWN vs. State of Del. NOS. 31, 57, 2003 (Consolidated) P.C.R. rule 61 Appeal."

GROUND THREE: Prosecutor lead three State Witness to Perjury against facts and Prior Statements.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Officer Bozeman Perjury Compare it to Officer DUCKett reports (A-12) tri-rec. 4/1/98 pg. 101:5:11 + (A-13) tri. rec. 4/1/98 pg. 102:1:4 vs. (A-14) Physi-cal Evidence Detective Donovan Case Summary Pg. 2 "Officer Bozeman filed no reports." Det. Donovan Perjured himself saying defendant had on a gray jacket" when he took polaroid Picture of defendant on arrest date See arrest Picture — (Continued on Additional Page #9.(a).")

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Counsel and Prosecutor Suppressed all Discovery including Jencks and I raised the Brady violation issue before Jury trial begin and requested for Brady to be raised on direct Appeal and requested transcript of trial record and I request-ed all the Suppressed Discovery Court Appointed Counsel refused all my request. And mailed all the Suppressed Discovery and Jencks he claimed he never had, he mailed to me on 6/21/99 after appeal was Affirm.

"Continueance of Ground 3 of page 9 (a) Answer to Ground 3." ㉓

and (A-15) tri. rec. 4/1/98 pg. 136:1:8, and (A-10) tri. rec. 4/1/98 - pg. 126:10:13. "Jeffrey Adams Perjured himself in his testimony (A-16) tri. rec. 4/1/98 pg. 66:4:11, Compare it to his statement (A-11) on 5/17/97 deft's arrest date taken by Det. R. Donovan Question #5 and Answer #5 on pg. 2: he states he did not see any one get shot." But Prosecutor lead three - State Witnesses for the state against ~~truth~~ of reports, statements and pictures.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: "Super. Ct. Crim. Rule 61 Post Conviction Relief Motion."

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware in and for New Castle County Wilm. Delaware

Docket or case number (if you know): "BROWN V. STATE OF DEL. ID. NO. 9705011656"

Date of the court's decision: 7/30/02 mailed to "BROWN" on 1/13/03

Result (attach a copy of the court's opinion or order, if available): Already Attached: After page 7.

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF THE STATE OF DELAWARE  DOVER, DELAWARE.

Docket or case number (if you know): "BROWN V. STATE OF DEL. NOS. 31, 57, 2003

Date of the court's decision: June 24, 2003

Result (attach a copy of the court's opinion or order, if available): Already Attached: After page 7,

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: I Filed application in U.S. C.A 3. Cir. for authority to file a 2nd or Successive habeas Corpus against the 6/24/03 AFFirm Order of "BROWN v. STATE OF DEL. NOS. 31, 57, 2003 was DENIED ON 4/8/04 and Pet. Enbanc on 10/04/04 in "BROWN CA 3. Cir. 04-1160", there after a Writ of Certiorari was Filed in Supr. Ct. of U.S. "BROWN VS. WARDEN CARROLL NO. 04-7997" was DENIED ON 3/7/04 and rehearing on 5/31/04, this habeas is Filed against the Prosecutorial Misconduct of "BROWN" case.

Page 11

(25)

GROUND FOUR: SUPPRESSION OF FAVORABLE EVIDENCE, PROSECUTORIAL MISCONDUCT.    (See Additional page for Ground 4 Supporting Facts)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant's arrest picture was entered into evidence for trier of facts to see that defendant was not the Suspect, the Prosecutor stole it out of evidence Suppressed defendant's defense. See A-18, tri.rec. 4/1/98 pg.19:10:23 and A-19, tri.rec. 4/1/98 pg.125:1:23). To advoid repetitious of Grounds raised on Rule.61 see — All grounds raised in PCR are Same raised on PCR Appeal and on 2nd or Successive habeas Corpus and in Writ of Certiorari 1 to 12 grounds.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: "Ct. Apptd. Coun. refused to raise Brady + refused to mail me Copy of Trial record + Discovery until June 21, 1999"

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: SUPER. CT. CRIM. RULE 61 POST CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: Superior COURT of the STATE OF DELAWARE in and For New Castle Co. Wilm. Del.

Docket or case number (if you know): "BROWN v. STATE·OF·DEL. ID NO.9705011656"

Date of the court's decision: 7/30/02 did'nt notify "BROWN" until January 13 2003

Result (attach a copy of the court's opinion or order, if available): already attached after page 7.

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

ADDITIONAL PAGE #11                                    (26)

GROUND FOUR: SUPPRESSION OF FAVORABLE EVIDENCE,
PROSECUTORIAL MISCONDUCT.    Supporting Facts:
Deft's arrest picture was entered into evidence
for trier of facts to see that defendant was not
the Suspect, the Prosecutor stole it out of evidence
Suppressed defendant's defense. (See A-18,-
tri. rec. 4/1/98 pg. 19:10:23 and A-19, tri. rec. 4/1/98-
pg. 125:1:23)." ( A-24, officer DUCKETT SUPPLE-
-MENT REPORT was also Suppressed (arrest report).
Just recently this same arrest picture was
ordered withdrawn as a exhibit and OKay
destroyed Per Deputy Attorney General of the
State of Delaware. See Super. Ct. Docket line#72:
06/24/02 Letter Requesting Defense/State's Attorney to
Withdraw Exhibits. 07/08/02 Notice OKay to Destroy
per Peter Letang (D.A.G). The state had my arrest
picture destroyed which reveals I was not the Suspect
police sought a Black male. wearing a gray jacket,
"BROWN" arrest picture shows "BROWN" wearing a
long Yellow and black coat upon 5/17/97, Custody.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF THE
STATE OF DELAWARE  DOVER, DELAWARE

Docket or case number (if you know): "BROWN v. State of Del. Nos. 31,57, 2003

Date of the court's decision: June 24 2003

Result (attach a copy of the court's opinion or order, if available): already attached
after page 7

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Four: I filed application
for authority to file a 2nd or successive habeas Corpus against the Prose-
cutorial Misconduct. Was DENIED By U.S. CA, 3 Cir. in "BROWN 04-1160";
CERTIORARI in US Supr. Ct. was DENIED "BROWN v. WARDEN, CARROLL NO.
7997". "This habeas Corpus is now filed agin to address the Prosecutorial Misconduct."

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest
state court having jurisdiction?    Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your
reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal
court? If so, which ground or grounds have not been presented, and state your reasons for
not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding
the conviction that you challenge in this petition?    Yes ☑ No ☐

ADDITIONAL PAGE # 12 FOR Question #14: Have you Previously ②
filed any type of petition, application, or motion in a federal
Court regarding the conviction that you challenge in this
Petition ? YES ☑  NO ☐

I filed an application for leave to file a Second or Successive
habeas Corpus in U.S. CA. 3 Cir "BROWN" NO. 04-1160" to challenge
the June 24, 2003 AFFirm Order oF BROWN V. State oF
Del. Nos. 31,57, 2003 Rule 61 P.C.R. Appeal oF which
Brady was Procedurally barred and defaulted on
rule 61.   The application in U.S. CA. 3 Cir was DENIED
on 4/8/04 and Pet. EnBanc DN 10/4/04 BROWN CAN904-1160.
    Writ For Certiorari was filed there after and
denied on 3/7/05 and Pet. For Rehearing was denied
on May 31, 2005 in BROWN v. Warden Carroll No. 7997:
" Questions Presented in Writ of Certiorari "

1). Deft, raised Brady v. Md., and ask for Discovery before trial begin,
Prosec. + Coun. did Suppress it all Court allowed them to result
Conviction by deliberate Suppression of all Discovery and
Perjured testimony is this Conviction Contrary to and
unreasonable to U.S. Sup. Ct. decisions ?

2  Can Super. Ct. + Supr. Ct. legally Procedurally bar, default-
Brady v. Md., claim raised on Rule 61 P.C.R. when Ct. App'd.
Coun. failed to raise dead-bang winner claim on direct
appeal, is there decision Contrary to unreasonable to U.S.
Sup. Ct. decisions ?

3) Can U.S. C.A. 3. Cir, legally deny authority to file second or successive 28§2254 against Prosecutorial Misconduct + deny Pet. EnBanc, is there decision Contrary to + unreasonable to U.S. Sup. Ct. decisions?

4) Question is not Whether there was Cause to excuse Procedural default, but whether there was a default in the first place, in other words did deft, fairly Present his Brady v. Md, claim in the State Courts?

5) Question is there a reasonable Probability that the outcome of trial would have been different if all the Suppressed Discovery had been Produced prior to Jury trial for Prosecution of alleged Att. Murder 1st degree?

6) Question whether accused, in absence of the evidence (all of the Discovery was Suppressed) in Question received a fair trial, understood as a trial resulting in a verdict worthy of Confidence?

7) Question, is there a reasonable Probability if Ct. Appt'd, Counsel wouldn't have assisted Prosecutor in the Suppression of all Discovery and objected to it and raised Brady v. Md., on appeal the result of trial + appeal would have been different?

8) Is it contrary to and unreasonable application to US. Sup. Ct. decisions under AEDPA for US Distr. Ct. to deny 1st Pet. 28§2254 of Prose Petitioner without giving Prophylactic Warning before deciding Petition?

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. I filed application for authority to file 2nd or Successive habeas Corpus Same issued raised on P.C.R-Appeal "BROWN CA 3 Cir No. 04 1160" DENIED ON 4/8/04 Enbanc denied on 10/4/04, attached orders. There after Certiorari was filed in U.S. Sup. Ct. DENIED on 3/7/05 Rehearing DENIED on 5/31/05 " BROWN v. WARDEN CARROLL-NO. 04-7997" attached orders. Additional page with Questions Presented issues raised in Pet. for a Writ of Certiorari in U.S. Sup. Court.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

(c) At trial: Anthony A. Figliola Bar Id. No.957 Court Appointed Attorney 1813 Marsh Rd. Suite A, Wilm. De. 19810

(d) At sentencing: Anthony A. Figliola    "    ".

_____

(e) On appeal: Anthony A. Figliola    "    "    .

_____

(f) In any post-conviction proceeding: Pro'se JAMES BROWN SBI#350587, AKA Edward X. Williams DCC 1181 PADDOCK RD. SMYRNA, DE. 19977 "

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro'se James BROWN SBI # 350587 AKA EDWARD X. Williams DCC 1181 PADDOCK RD. SMYRNA. DELAWARE 19977

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

③

CPS-141                                              March 25, 2004

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 04-1160

IN RE: JAMES G. BROWN

Present: ALITO, FUENTES AND CHERTOFF, CIRCUIT JUDGES

      Submitted is petitioner's application pursuant to 28 U.S.C. § 2244 to
file a second or successive habeas corpus petition and attachments;

in the above-captioned case.

                        Respectfully,

                        Clerk

MMW/EAW/zm/rls

————————————————O R D E R———————————————

The foregoing application under 28 U.S.C. § 2244 for leave to file a second or successive
petition under 28 U.S.C. § 2254 is denied because none of Appellant's claims rely on a
"new rule of constitutional law," or a previously unavailable factual predicate.  See §
2244(b)(2).

                    By the Court,

               /s/  Julio M. Fuentes, Circuit Judge

Dated: April 8, 2004
RLS/cc:  JGB
        Atty Gen DE

(32)

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1160

IN RE:   JAMES G. BROWN,
a/k/a Edward X. Williams,

James G. Brown,

Petitioner

# SUR PETITION FOR REHEARING EN BANC

Present: SCIRICA, Chief Judge, SLOVITER, NYGAARD, ALITO, ROTH,
McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH,
CHERTOFF, FISHER and VAN ANTWERPEN, Circuit Judges

The Petition for Rehearing filed by the Appellant in the above-entitled matter,
having been submitted to the judges who participated in the decision of this court and to
all the other available circuit judges of the circuit in regular active service, and no judge

( APPENDIX-A)

(33)

who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular service not having voted for rehearing, the Petition for Rehearing by the panel and the Court en banc, is hereby DENIED.

BY THE COURT,

/s/  Julio M. Fuentes
Circuit Judge

DATED: October 4, 2004

RLS/cc: JGB

Atty Gen DE

## SUPREME COURT OF THE UNITED STATES
### OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

(34)

March 25, 2005

James G. Brown
SBI#350587 Unit SHU#19-A-L-4
Deleware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

   RE: Brown v. Carroll, Warden
      No: 04-7997

Dear Mr. Brown:

   The papers pertaining to the above-entitled case that were received March 25, 2005 are herewith returned. The petition for a writ of certiorari was denied March 7, 2005. If you wish to file a petition for rehearing it must be submitted pursuant to Rule 44 of the Rules of this Court.

                        Sincerely,
                        William K. Suter, Clerk
                        By:
                        Heather Frant
                        (202) 479-3039

Enclosures

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

(35)

William K. Suter
Clerk of the Court
(202) 479-3011

May 31, 2005

Mr. James G. Brown
Prisoner ID SBI#350587 Unit SHU #19-A-L-4
a/k/a Edward X. Williams
Delaware Correctional Center
181 Paddock Road
Smyrna, DE  19977

> Re:  James G. Brown, aka Edward X. Williams
>       v. Thomas L. Carroll, Warden
>       No. 04-7997

Dear Mr. Brown:

The Court today entered the following order in the above-entitled case:

The petition for rehearing is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk

Page 14

(36)

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❑  No ❑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* It does not bar Petition 28 U.S.C. § 2254 because 28 U.S.C. § 2244 (d) (D) (2) The time during which a properly filed application for State Post Conviction or other collateral review with respect to Pertinent Judgment or Claim is Pending shall not be Counted toward any period of limitation under this subsection. Also "When Prosecution fails to disclose material exculpatory evidence in Violation of the Brady rule, Post Conviction Relief cannot be Procedurally Barred, as a Brady Violation undermines the fairness of the proceeding leading to Judgment of conviction" Super-Ct. Crim. Rule 61 PCR." The fact that "BROWN" raised Brady before trial begin on 4/1/98 T. Trial Record of State of Del. VS. JAMES BROWN ID No. 9705011656 pages 2. and 3:1:15 (attached) and Court Appointed Counsel refused to raise Brady on Direct Appeal and refused to mail "BROWN" transcript of trial record and all the Suppressed Discovery and Jencks he claim he was not Supplied with Jencks he mailed the Suppressed Discovery and Jencks and transcript of trial record on June 2, 1999. After a year When direct Appeal was Affirmed of BROWN VS. State of Del. # 242, 1998 on 3/15/99 the deliberate Suppression of all Discovery and perjured testimony is Prosecutorial misconduct will be grounds for a Writ of Habeas Corpus unless Prosecution Can show that error is harmless beyond a reason doubt. 28§2244 2 (B)(1)(11).

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

2

(37)

```
 1                                      April 1, 1998
                                        9:20 o'clock a.m.
 2                                      Courtroom No. 201

 3      PRESENT:

 4                  As noted.

 5                  THE COURT:  I apologize, counsel.  Are

 6      there any matters we need to take up before the jury

 7      comes in?  Yes, sir, Mr. Brown.

 8                  MR. BROWN:  Your Honor, I haven't been able

 9      to get a Rule 16 for discovery.  I asked for it for

10      quite some time.  My counsel just advised me that

11      there was no Rule 16 discovery on this case.  He said

12      that the district attorney didn't have one.  I didn't

13      -- and I didn't get one, so I couldn't -- so I didn't

14      have no way to know, a better way to defend myself on

15      the case without the Rule 16.  I just wanted that to

16      be known for the record.

17                  MR. FIGLIOLA:  Your Honor, that is not

18      true.  Mr. Brown was given the discovery reply that I

19      was -- that was provided to me by Mr. Pedersen.  What

20      he did not receive and what I told Mr. Brown is that

21      Mr. Pedersen has no obligation to supply Jencks

22      material until the individual testifies.  It is the

23      Jencks material that we were not supplied with.
```

A - 1

3    (38)

1    We're not entitled to receive it ahead of time.  What

2    we were entitled to receive we did receive, and it

3    was given to Mr. Brown.  There's probably one

4    exception to that, your Honor, that I did not give

5    Mr. Brown the M.E.'s report, but I did have it.

6            THE COURT:  Mr. Brown, since you are

7    represented by counsel, you are not -- you personally

8    aren't entitled to the Rule 16.  Obviously, Mr.

9    Figliola can share that information with you, but

10   it's the -- but the information is given to the

11   attorneys, not to the individual clients.  So you

12   have made your record, and if you want to pursue it

13   later, you are allowed to.  But I think we have a

14   sufficiently clear record, and I see no reason to

15   delay the trial.  Thank you, sir.

16           MR. BROWN:  Also, I have been trying to get

17   some clothes to wear to trial, but I haven't had much

18   success with it since I have been incarcerated for a

19   year.

20           THE COURT:  Do you have family that you

21   have been calling?

22           MR. BROWN:  I haven't been able to get in

23   contact with my family, but I did ask at the jail,

A-2

Page 15

(39)

Therefore, petitioner asks that the Court grant the following relief: *release from present Custody for "BROWN" has Appealed to all Courts for "9" years his Conviction was obtain by D.A. Suppression of Discovery + Perjurious testimony.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _June 13th, 2005_ (month, date, year).

Executed (signed) on __06/13/05__ (date).

*James G. Brown SBI#350587*
*a/k/a Edward X. Williams*
_____
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(40)

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

*James H. Brown A/K/A Edward Williams SBI #350587*

[Insert appropriate court]

*"U.S. District of DE."*